[Cite as *State v. Lee*, 2013-Ohio-2233.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-16 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 2011-CR-173 |
| v. | : | 2011-CR-224 |
| | : | |
| JEREMY D. LEE | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of May, 2013.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JANE A. NAPIER, Atty Reg. #0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
     Attorneys for Plaintiff-Appellee

JOYCE M. DEITERING, Atty. Reg. #0005776, Oldham & Deitering, LLC, 8801 North Main Street, Suite 200, Dayton, Ohio 45415-1380
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Jeremy D. Lee appeals from his conviction and sentence for

Attempted Aggravated Riot, Breaking and Entering, Burglary, Grand Theft, Grand Theft of a

Motor Vehicle, Criminal Damaging, and Safecracking, following a negotiated plea deal. Lee contends that the trial court abused its discretion by imposing "unnecessarily harsh" consecutive sentences for his Burglary offenses.

{¶ 2}   We conclude that the trial court did not abuse its discretion in imposing consecutive sentences.   Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3}   In July 2011, Lee was indicted in Case No. 2011-CR-173 on one count of Aggravated Riot, a felony of the fourth degree in violation of R.C. 2917.02(A)(2); two counts of Disorderly Conduct, minor misdemeanors in violation of R.C. 2917.11(A); one count of Assault, a misdemeanor of the first degree in violation of R.C. 2903.13(A); and one count of Menacing, a misdemeanor of the fourth degree in violation of R.C. 2903.22(A).   Lee was arraigned and released subject to the terms of a personal recognizance bond.

{¶ 4}   In September 2011, Lee was indicted in Case No. 2011-CR-224 for offenses that occurred over a six-day period in August 2011, after his prior indictment, arraignment, and release on personal recognizance.   The counts in the September indictment included: three counts of Breaking and Entering, all felonies of the fifth degree in violation of R.C. 2911.13(A); four counts of Theft, all misdemeanors of the first degree in violation of R.C. 2913.02(A)(1); three counts of Burglary, two felonies of the third degree in violation of R.C. 2911.12(A)(3) and one felony of the second degree in violation of R.C. 2911.12(A)(2); one count of Grand Theft, a felony of the fourth degree in violation of R.C. 2913.02(A)(1); one count of Grand Theft of a Motor Vehicle, a felony of the fourth degree in violation of R.C. 2913.02(A)(1); five counts of

Criminal Damaging, all misdemeanors of the second degree in violation of R.C. 2909.06(A)(1); one count of Safecracking, a felony of the fourth degree in violation of R.C. 2911.31(A); and one count of Receiving Stolen Property, a misdemeanor of the first degree in violation of R.C. 2913.51(A).

{¶ 5} Pursuant to a negotiated plea agreement, Lee pled guilty to an amended count of Attempted Aggravated Riot in the July indictment. The remaining counts in that indictment were dismissed as part of the plea agreement. With respect to the September indictment, Lee pled guilty to three counts of Breaking and Entering; two counts of Burglary (the two third-degree felony Burglaries); one count of Grand Theft; one count of Grand Theft of a Motor Vehicle; five counts of Criminal Damaging; and one count of Safecracking. The remaining counts in that indictment were dismissed as part of the plea agreement. The trial court ordered a pre-sentence investigation.

{¶ 6} The trial court conducted a sentencing hearing in both cases. Lee was sentenced to eight months in prison on the Attempted Aggravated Riot count; eleven months on each of the Breaking and Entering counts; ninety days on each of the Criminal Damaging counts; seventeen months on each of the Grand Theft, Safecracking, and Grand Theft of a Motor Vehicle counts; and three years on each of the two Burglary counts. The two Burglary sentences were ordered to run consecutively to each other and concurrently with the remaining sentences, for a total sentence of six years of incarceration.

{¶ 7} From this judgment, Lee appeals.

**II. The Trial Court Made the Findings Required for the Imposition of Consecutive**

**Sentences, and the Sentence Is Not Clearly and Convincingly Contrary to Law**

**{¶ 8}** Lee's sole assignment of error states:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING CONSECUTIVE SENTENCES ON DEFENDANT-APPELLANT JEREMY D. LEE.

**{¶ 9}** Lee contends that the trial court abused its discretion by imposing consecutive sentences on the Burglary counts, rather than imposing concurrent sentences. According to Lee, a six-year prison term is "unnecessarily harsh" given his young age of 18, his prior offense being committed while he was a minor, and his cooperation and assistance with law enforcement.

**{¶ 10}** When reviewing a felony sentence, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to decide whether the sentence is contrary to law. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse-of-discretion standard. *Id.* The term "abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Hufman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

**{¶ 11}** A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). A court imposing a sentence for a felony "has discretion to

determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A).

{¶ 12} The General Assembly, through the enactment of 2011 Am. Sub. H.B. 86, amended Ohio's sentencing statutes. H.B. 86 took effect on September 30, 2011, and Lee was sentenced on December 16, 2011. Therefore, the trial court was required to sentence Lee under the amended statutes.

{¶ 13} R.C. 2929.14(C)(4) requires a trial court to make certain findings before imposing consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any

of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} At the sentencing hearing, the trial court stated, at Tr. 20:

Court believes that consecutive sentence imposed is necessary to protect the public from future crime and to punish the defendant. Consecutive sentences are not disproportionate to the seriousness of the conduct of the defendant and to the danger the defendant imposes [sic] to the public. Court finds that defendant committed one or more of the multiple offenses while under a community control sanction. At least two of the multiple offenses were committed courses of conduct and the harm caused by two or more of multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflect the seriousness of defendant's conduct.

The Court also finds that defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the defendant.

{¶ 15} Similarly, in its judgment entry (Dkt. 27), the trial court made the following findings, as required by R.C. 2929.14(C)(4):

Consecutive service is necessary to protect the public from future crime and to punish the Defendant and that consecutive sentences are not

disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public and the Defendant committed one or more of the multiple offenses while awaiting trial and under a community control sanction and at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the Defendant's conduct and Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶ 16} The trial court complied with all applicable rules and statutes in imposing Lee's sentence, including R.C. 2929.11 and R.C. 2929.12. Thus, the sentence is not clearly and convincingly contrary to law.

{¶ 17} We also conclude that the sentence is not an abuse of discretion. Lee displayed a flagrant disregard for the law by committing the offenses in Case. No. 2011-CR-224 while out on bond on his own recognizance in Case No. 2011-CR-173. Although the two Burglary offenses were the worst of the offenses to which Lee pled guilty, he pled guilty to seven other felonies, and to five misdemeanors. One other felony, seven other misdemeanors, and two minor misdemeanors were dismissed as part of the plea bargain. The five other felony sentences and the five misdemeanor sentences, being imposed concurrently, are effectively subsumed by the two Burglary sentences. The two Burglary offenses were committed against different victims.

{¶ 18} Lee's sole assignment of error is overruled.

### III. Conclusion

{¶ 19}   Lee's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Joyce M. Deitering
Hon. Nick A. Selvaggio