[Cite as *State v. Maxey*, 2016-Ohio-1264.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26854 |
| | : | |
| v. | : | T.C. NO. 15CR1480 |
| | : | |
| GREGORY L. MAXEY | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the _____25th_____ day of _____March_____, 2016.

. . . . . . . . . .

CARLEY J. INGRAM, Atty, Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

PATRICK A. FLANAGAN, Atty. Reg. No. 0017658, 15 W. Fourth Street, Suite 100, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1}  This matter is before the Court on the Notice of Appeal of Gregory L. Maxey, filed October 5, 2015. Maxey appeals from his September 30, 2015 Judgment Entry of Conviction, issued following his pleas of guilty to two counts of theft (by deception), both misdemeanors of the first degree.    Maxey was sentenced to community control

sanctions, and he was ordered to serve 180 days local jail time to commence within 10 days of disposition. The court further ordered Maxey to pay restitution in the following amounts: $1,000.00 each to Savanah Cox and Diona Tolbert, and $2,701.75 to Latanya Clark and Katrina Leak. On October 9, 2015, this Court stayed the imposition of the requirement that Maxey serve 180 days local jail time pending this appeal. We hereby affirm the judgment of the trial court.

{¶ 2} Maxey was indicted on June 30, 2015 on two counts of theft (by deception) ($1,000.00 or more but less than $7,500.00), in violation of R.C. 2913.02(A)(3), felonies of the fifth degree. At his September 1, 2015 plea hearing, the prosecutor indicated to the court that defense counsel provided a receipt from the Montgomery County Adult Probation Department indicating that restitution had been paid in full by Maxey as indicated above, and that in exchange the State was willing to accept Maxey's offer to plead guilty to two counts of first degree misdemeanor theft, the lesser included offenses of the indicted charges. The following exchange occurred:

THE COURT: * * * Sir, in this case you are pleading guilty to two lesser included counts of misdemeanor theft, both misdemeanors of the 1st degree. Do you understand that as a result of each of those pleas, the Court could sentence you to financial sanctions including a fine up to $1,000 on each count and court costs and other financial sanctions? However, the State has indicated the restitution is paid in full. The Court could also sentence you to a jail term of up to six months on each count for a total jail term of 12 months if appropriate. The Court could also sentence you to community control sanctions for a period of up to five years, which may

include community residential sanctions including up to six months of local jail time and other non-residential sanctions. For violations of community control sanctions, you could be required to serve a jail term of up to 12 months on each count. Do you understand those potential penalties?

THE DEFENDANT: Yes, ma'am.

THE COURT: Sir, you understand there's no agreement as to your sentence. I'm going to review a presentence investigation and determine your sentence when you come back in four weeks on September 29th. * * *

* * *

MR. FLANAGAN: The Prosecutor has agreed to probation.

THE COURT: Mr. Marshall?

MR. MARSHALL: That's correct, Your Honor.

* * *

MR. MARSHALL: Although just for the record, probation can encompass local jail time.

THE COURT: That's true. Do you understand, sir, that the Court will determine that sentence when you come back on September 29th?

THE DEFENDANT: Yes, ma'am.

* * *

{¶ 3} At Maxey's September 29, 2015 sentencing hearing, the following exchange occurred in part:

THE COURT: Sir, you pled guilty to two counts of theft, those misdemeanors of the first degree. Is there anything you want to tell me

before sentencing?

MR. FLANAGAN: The only thing I would like to say is, Judge, these were two contract disputes. He sold cars to people. The people turned on him. They got the police to get the prosecutor to file these charges. We took the easiest way out. He's made restitution on these.

Plus, I want to point out, the prosecutor asked us to pay another $240 or something to an old case in Miamisburg. And we did pay that.

THE COURT: Anything you want to add, sir?

THE DEFENDANT: No, Your Honor.

THE COURT: I understand there was an agreed community control. Is there any agreement about local jail time?

MR. MARSHALL: No, Your Honor. We just simply discussed that the Defendant would receive community control as a result of his guilty pleas to the two lesser included offenses.

MR. FLANAGAN: My understanding, Your Honor, is we're pleading guilty, making restitution and he was going to get probation.

THE COURT: He is, but he can get community control. I'm really concerned about the suggestion that these are not criminal matters that they're just contract disputes.

Let's just go through your felony record maybe for a second. The 13 other felonies that you have, most of which are theft related. I'll just highlight the ones that are theft related. Passing bad checks in '82; arson for hire in '84; theft in '85; grand theft in '87; defrauding a livery in '93; theft

in '93; defrauding a livery in '93; unauthorized use or access of devices and aiding and abetting in '93 - - you got 30 months in the Federal Bureau of Prisons then - - '03, a bunch of bad checks, grand theft, theft; '05, failure to deliver title of a motor vehicle; '05, theft by deception, theft of an elderly person; '05, theft. Those are just your felonies.

Then we've got all the theft-related misdemeanors.

This is not a civil dispute. This is an absolute effort to defraud individuals and they went to the police because you weren't responding. This is not a civil dispute, sir.

After considering the purposes and principles of sentencing and the seriousness and recidivism factors, I'm going to sentence you to community control for a period not to exceed five years with the following sanctions.

* * *

I'm going to sentence you to six months in the Montgomery County Jail. You'll have ten days to start serving that sentence.

I don't think that any other term of supervision would be meaningful in any respect.

* * *

MR. FLANAGAN: Did you say ten days in jail?

THE COURT: No. Six months in jail starting within ten days.

And the reason is, sir, is that you clearly don't accept any responsibility for your behavior.

* * *

I'm just appalled by your suggestion this morning that these aren't criminal in nature.

\* \* \*

Sir, your suggestion is just appalling. That six months is a total of 180 days as a sanction on community control. You have two counts. Once that's completed, your community control is going to be terminated.

There would be no reason to have you on community control. I don't see any possibility that you would ever comply with any additional term of community control other than your local jail time.

**{¶ 4}** As the State asserts, Maxey's brief does not comply with the Appellate rules in that it does not assign a specific error for our review, present a statement of issues for our review, or cite to any legal authority[1]. App.R.16. We construe Maxey's brief to argue that the trial court erred in sentencing him to local jail time.

**{¶ 5}** R.C. 2929.25 governs misdemeanor community control sanctions and provides:

(A)(1) Except as provided in sections 2929.22 and 2929.23 of the Revised Code or when a jail term is required by law, in sentencing an offender for a misdemeanor, \* \* \* the sentencing court may do either of the following:

(a) Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or

---

[1] Maxey's Table of Contents provides: "Because the appellants (sic) argument is based on the actual record and the comments of the Assistant Prosecutor on the record, there is no table of authorities."

2929.28 of the Revised Code.   The court may impose any other conditions of release under a community control sanction that the court considers appropriate.   If the court imposes a jail term upon the offender, the court may impose any community control sanction or combination of community control sanctions in addition to the jail term.

(b)   Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or a combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code.

R.C. 2929.24 (A)(1) provides that a trial court may impose a jail term of not more than one hundred eighty days for a misdemeanor of the first degree.

{¶ 6}   As this Court has previously noted:

When sentencing for a misdemeanor offense, a trial court is guided by the "overriding purposes of misdemeanor sentencing," which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A); *State v. Collins*, 2d Dist. Greene No. 2012–CA–2, 2012-Ohio-4969, ¶ 9. "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). The sentence imposed must be "reasonably

calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B*); Collins* at ¶ 9.

"A trial court is also required to consider the nature and circumstances of the offense, whether there was a history of persistent criminal activity or character that reveals a substantial risk of the offender committing another offense, and numerous other factors related to the offender and the offense. R.C. 2929.22(B). However, in misdemeanor sentencing, there is no requirement that a trial court specifically state the reasons for its sentence on the record." (Citations omitted) *Id.* at ¶ 10. "If the sentence imposed is within permissible statutory limits, a reviewing court will presume that the trial court considered the sentencing factors in R.C. 2929.22(B), absent a showing to the contrary." *State v. Johnson*, [164 Ohio App.3d 792,] 2005-Ohio-6826, [844 N.E.2d 372,] ¶ 9 [(2d Dist.)]. We review misdemeanor sentences for an abuse of discretion. *State v. Peagler*, 2d Dist. Montgomery No. 24426, 2012-Ohio-737, ¶ 3.

*State v. Fankle*, 2015-Ohio-1581, 31 N.E.3d 1290, ¶ 17-18 (2d Dist.). "The term 'abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Hufman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985)." *State v. Lee*, 2d Dist. Champaign No. 2012-CA-16, 2013-Ohio-2233, ¶ 10.

{¶ 7} Maxey's sentence is within the statutory range for a misdemeanor of the

first degree. The record reflects that the trial court advised Maxey that it could impose local jail time of up to six months on each count at his plea hearing, and Maxey indicated his understanding of the court's options in imposing sentence. Maxey's lengthy criminal history involving multiple theft related felony offenses was significant to the court. Although Maxey made complete restitution, the agreement by the State to a disposition of community control did not prevent the court from imposing local jail time, and Maxey was informed of such. We conclude that an abuse of discretion is not demonstrated. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Carley J. Ingram
Patrick A. Flanagan
Hon. Mary Katherine Huffman