[Cite as *State v. Peagler*, 2012-Ohio-737.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                        :

    Plaintiff-Appellee                         :               C.A. CASE NO.    24426

v.                                                              :               T.C. NO.    10TRC14288

SUBRINA PEAGLER                            :                  (Criminal appeal from
                                                  Municipal Court)
    Defendant-Appellant                     :

                                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____24th____ day of ____February____ , 2012.

. . . . . . . . . .

AMY B. MUSTO, Atty. Reg. No. 0071514, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
       Attorney for Plaintiff-Appellee

JOYCE M. DEITERING, Atty. Reg. No. 0005776, 8801 N. Main Street, Suite 200, Dayton, Ohio 45415
       Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

      **{¶ 1}**  This matter is before the Court on the Notice of Appeal of Subrina Peagler, filed January 6, 2011.  Peagler appeals from her conviction and sentence, in Dayton Municipal Court, following a bench trial, on three counts of non-compliance suspension in

violation of R.C. 4510.11(A); one count of operating a vehicle while under the influence ("OVI") in violation of R.C. 4511.19(A)(1); one count of failure to control, in violation of R.C. 4511.20; and one count of operating a motor vehicle without a valid license, in violation of R.C. 4510.12(A). On her OVI conviction, Peagler was sentenced by judgment entry to 180 days in jail, with 177 suspended, she was given a Class 5 license suspension for 180 days, and she was fined $375.00. The municipal court sentenced Peagler by judgment entry to non-reporting community control for 5 years. The record reflects that Peagler elected to serve three days in jail in lieu of the three day intervention program. She was also sentenced by judgment entry to 180 days in jail for each non-compliance suspension and for operating a vehicle without a valid license, with 180 days suspended for each offense, all to be served concurrently. We note that the State's assertion in its brief, that "[o]n the three driving under suspension charges as well as on the driving without a license charge, the Appellant was sentenced to 180 days in jail, 176 were suspended and 1 day credit was given," is not consistent with the court's judgment entries.

{¶ 2} Peagler asserts one assignment of error as follows:

"THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSITION OF SENTENCE."

{¶ 3} We apply an abuse of discretion standard of review to a suggestion that misdemeanor sentences are excessive. *State v. Grove*, 2d Dist. Montgomery No. 24037, 2010-Ohio-6101, ¶ 61.

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is

to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 4} R.C. 4511.19(G)(1)(a) governs penalties for driving under the influence, and it provides in relevant part that the offender is guilty of a misdemeanor of the first degree and is subject to sentence as follows:

> (i) If the sentence is being imposed for a violation of division (A)(1)(a) * * * of this section, a mandatory jail term of three consecutive days. * * * The court may sentence an offender to both an intervention program and a jail term. The court may impose a jail term in addition to the three-day mandatory jail

term or intervention program. However, in no case shall the cumulative jai term imposed for the offense exceed six months.

The court may suspend the execution of the three-day jail term under this division if the court, in lieu of that suspended term, places the offender under a community control sanction pursuant to section 2929.25 of the Revised Code and requires the offender to attend, for three consecutive days, a drivers' intervention program certified under section 3793.10 of the Revised Code. * * *

* * *

(iii) In all cases, a fine of not less than three hundred seventy-five and not more than one thousand seventy-five dollars;

(iv) In all cases, a class five license suspension of the offender's driver's license * * * from the range specified in division (A)(5) of section 4510.02 of the Revised Code.   * * *.

{¶ 5}  R.C. 4510.02(A)(5) provides for a class five suspension of a definite period of "six months to three years."

{¶ 6}   Peagler directs our attention to R.C. 2929.22 and R.C. 2929.12.  R.C. 2929.22 enumerates factors for a court to consider in determining an appropriate misdemeanor sentence.  "'Ohio courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits in the

absence of an affirmative showing to the contrary.' (Citations omitted)." *State v. Jackson,* 2d Dist. Montgomery No. 20819, 2005-Ohio-4521, ¶ 13.

{¶ 7} R.C. 2929.12 governs felony sentencing and does not apply herein.

{¶ 8} Peagler elected to serve three days in jail on the OVI conviction and her minimum sentence and fine is within the statutory scheme. Further, presuming the trial court considered the factors set forth in R.C. 2929.22, the court did not abuse its discretion in sentencing Peagler to concurrent, suspended terms for the non-compliance suspensions and operating a vehicle without a valid license convictions. Since an abuse of discretion is not demonstrated, Peagler's sole assigned error is overruled.

{¶9} The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Amy B. Musto
Joyce M. Deitering
Hon. Daniel G. Gehres