**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Ferguson v. State,* **Slip Opinion No. 2017-Ohio-7844.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7844

FERGUSON, APPELLEE, *v.* THE STATE OF OHIO, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Ferguson v. State,* **Slip Opinion No. 2017-Ohio-7844.]**

*Workers' compensation—Appeals—R.C. 4123.512—Consent provision of R.C. 4123.512(D) does not violate Article IV, Section 5(B) of Ohio Constitution because workers' compensation appeals under R.C. 4123.512 are special statutory proceedings and consent provision renders Civ.R. 41(A) clearly inapplicable—Consent provision does not violate Equal Protection Clauses of Ohio and federal Constitutions because distinct classification of claimants in employer-initiated workers' compensation appeals is rationally related to legitimate purposes of limiting improper payments made during pendency of appeals and avoiding unnecessary delay in appeal process—Consent provision does not violate due-process guarantees of Ohio and federal Constitutions because provision is rationally related to legitimate purposes of avoiding needless extension of appeal process*

*designed to run quickly, financial effects on system as whole, and waste of judicial resources—Court of appeals' judgment reversed.*

(No. 2015-1975—Submitted February 28, 2017—Decided September 28, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 102553, 2015-Ohio-4499.

_____

**DEWINE, J.**

{¶ 1} Under Ohio law, an employer may appeal a determination by the Industrial Commission that an employee has the right to participate in the workers' compensation fund. Although it is the employer who files the appeal in the common pleas court, the employee is the plaintiff. In 2006, the legislature enacted a provision allowing an employee to dismiss an employer-initiated appeal only with the consent of the employer. 2006 Am.Sub. S.B. No. 7 (amending R.C. 4123.512(D)). The question we confront today is whether that provision—the so-called "consent provision"—is constitutional.

{¶ 2} The court of appeals determined that the consent provision violates the separation-of-powers doctrine embodied in the Ohio Constitution, the Equal Protection Clauses of the Ohio and federal Constitutions, and the Due Course of Law and Due Process Clauses of the Ohio and federal Constitutions. We disagree and reverse the judgment of the court of appeals.

**BACKGROUND**

{¶ 3} In the proceeding below, the Eighth District Court of Appeals affirmed the trial court's judgment declaring the consent provision of R.C. 4123.512(D) unconstitutional. The declaratory-judgment action was filed by appellee, Shannon Ferguson, an injured worker. To fully understand the declaratory-judgment action, some background relating to Ferguson's workers' compensation claims is necessary.

**{¶ 4}** Ferguson brought two separate workers' compensation claims alleging that he had suffered injuries while working at Ford Motor Company. The Industrial Commission awarded benefits for both claims, and Ford appealed the determinations to the common pleas court.

**{¶ 5}** Once Ford appealed, Ferguson was required to file the equivalent of a complaint alleging his entitlement to participate in the workers' compensation fund. *See* R.C. 4123.512(D). He did so for both claims, and the court consolidated the cases.

**{¶ 6}** Prior to the scheduled trial date, Ferguson sought to dismiss the claims. Ford refused to consent to the dismissal as required by R.C. 4123.512(D). Absent agreement by Ford, Ferguson moved the court to dismiss his complaint without prejudice pursuant to Civ.R. 41(A)(2) or, alternatively, for leave to file a motion for a declaratory judgment declaring the consent provision unconstitutional. The trial court denied both motions. Ferguson attempted to appeal, but the Eighth District Court of Appeals dismissed the appeal for lack of jurisdiction pursuant to R.C. 2505.02.

**{¶ 7}** After his appeal was dismissed, Ferguson again sought leave to amend his complaint to add a declaratory-judgment claim challenging the consent provision. When the trial court denied this motion, Ferguson filed a declaratory-judgment action against the state in a separate proceeding. It is that declaratory-judgment action that we consider today. The trial court has stayed the original consolidated case pending a resolution of this case.

**{¶ 8}** In his declaratory-judgment action, Ferguson argued that the consent provision in R.C. 4123.512(D) is unconstitutional for three reasons. First, he claimed that it conflicts with the Ohio Rules of Civil Procedure and thus violates the separation-of-powers doctrine by improperly intruding on this court's power to govern trial procedure under Article IV, Section 5(B) of the Ohio Constitution. Second, Ferguson argued that the consent provision violates the Equal Protection

Clause contained in Article I, Section 2 of the Ohio Constitution because it "treats similarly situated plaintiff-claimants unequally based solely on whether the plaintiff-claimant or the employer initiated the appeal" and it lacks a legitimate rational purpose. Finally, Ferguson claimed that the consent provision violates the Due Course of Law Clause of Article I, Section 16 of the Ohio Constitution because it prevents claimants from adequately presenting their cases.

{¶ 9} The trial court held that the consent provision is unconstitutional "on the grounds of due process and equal protection, and violates the doctrine of separation of powers." As for the due-process and equal-protection arguments, the trial court gave Ferguson more than he sought, concluding that the consent provision violates both the Ohio Constitution—which Ferguson had alleged—and the United States Constitution—which he had not. On appeal by the state, the court of appeals affirmed the trial court's judgment in all respects.

{¶ 10} The cause is now before this court upon our acceptance of the state's discretionary appeal. 145 Ohio St.3d 1421, 2016-Ohio-1173, 47 N.E.3d 165.

## LAW AND ANALYSIS

{¶ 11} R.C. 4123.512 governs appeals from orders of the Industrial Commission in injury or occupational-disease cases other than cases involving the extent of a disability. Both claimants and employers can appeal the commission's decision to the common pleas court. *Id.* But " 'the action in the common pleas court * * * is not a traditional error proceeding.' " *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 368, 691 N.E.2d 667 (1998), quoting *Marcum v. Barry*, 76 Ohio App.3d 536, 539, 602 N.E.2d 419 (10th Dist.1991). Although labeled an appeal, the trial court makes its determination after a trial de novo. *Id.*

{¶ 12} The appeal begins with the filing of a notice of appeal. R.C. 4123.512(A). Within 30 days thereafter, the claimant must "file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the

4

basis for the jurisdiction of the court over the action." R.C. 4123.512(D). The petition is for all intents and purposes a complaint. *Robinson* at 364. Regardless of who files the appeal, it is the claimant's burden to prove his or her case before the trial court. *Id.* at 366, citing *Zuljevic v. Midland-Ross Corp., Unitcast Div.*, 62 Ohio St.2d 116, 118, 403 N.E.2d 986 (1980).

{¶ 13} But it is not all-burden-no-benefit for claimants. As the appeal progresses, the commission's award to the claimant and related payments continue. R.C. 4123.512(H)(1). Further, claimants who successfully establish their right to participate in the compensation fund—on their own appeal or the employer's—are entitled to an award of attorney fees up to $4,200. R.C. 4123.512(F).

{¶ 14} There is also some protection for the employer. If the court ultimately finds that compensation or benefits should not have been paid, then the amounts already paid are charged to the state's surplus account. R.C. 4123.512(H)(1). This court has held that R.C. 4123.512(H) must be interpreted as requiring reimbursement from the surplus fund to self-insured employers for compensation paid pursuant to overturned awards. *State ex rel. Sysco Food Serv. of Cleveland, Inc. v. Indus. Comm.*, 89 Ohio St.3d 612, 613, 734 N.E.2d 361 (2000). State-risk employers' accounts are adjusted so that the amounts are not charged to their experience. R.C. 4123.512(H)(1).

{¶ 15} This case concerns the interplay between the workers' compensation appellate process and Civ.R. 41(A), which governs voluntary dismissals. The consent provision was enacted by the legislature in 2006. 2006 Am.Sub.S.B. No. 7. In a series of cases decided before its enactment, this court had held that claimants could employ Civ.R. 41(A) to voluntarily dismiss their complaints in employer-initiated workers' compensation appeals. In *Robinson*, we concluded that although a claimant is technically an appellee in an R.C. 4123.512 appeal initiated by the employer, "for purposes of Civ.R. 41, the claimant in an employer-initiated R.C. 4123.512 appeal is the plaintiff." 81 Ohio St.3d at 368, 691 N.E.2d

667. We therefore allowed a court of common pleas to grant a claimant's motion to dismiss his complaint without prejudice under Civ.R. 41(A)(2), even though the employer had initiated the appeal. *Id.* at 371.

{¶ 16} We expanded this holding in *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 415, 704 N.E.2d 1212 (1999), concluding that a claimant's ability to voluntarily dismiss was not limited to instances in which the trial court approved the dismissal pursuant to Civ.R. 41(A)(2) but also extended to a voluntary dismissal without court approval under Civ.R. 41(A)(1)(a). We reasoned that "[i]t would be inconsistent to imply that a workers' compensation claimant is a plaintiff for purposes of Civ.R. 41(A)(2) but not a plaintiff under Civ.R. 41(A)(1)(a)." *Kaiser* at 415.

{¶ 17} In *Fowee v. Wesley Hall, Inc.*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, ¶ 19, we made clear that the saving statute, R.C. 2305.19, applies to R.C. 4123.512 appeals and limits a claimant to a one-year period for refiling a dismissed petition. Finally, in *Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, we considered the 2006 amendment and held that it had prospective application only. In doing so, we noted that our prior holdings in this area had "sometimes led to frustration for employers who were forced to wait for the employee-claimant to refile her claim" but explained that rather than "legislating from the bench" in *Fowee* and overruling *Robinson* and *Kaiser*, we had "followed our established precedent." *Id.* at ¶ 13.

{¶ 18} Shortly after the *Fowee* decision, the legislature amended R.C. 4123.512(D) and enacted the consent provision "to address employers' concerns." *Thorton* at ¶ 13. Today, we consider whether that legislative response is constitutional. We address separately the bases upon which the court of appeals held the consent provision unconstitutional and conclude that the consent provision is not unconstitutional.

6

**Separation of Powers**

{¶ 19} Can the General Assembly, which established the process in R.C. 4123.512 for appealing a right-to-participate determination, control certain aspects of how those appeals progress procedurally? The court of appeals said no, holding that the consent provision in R.C. 4123.512(D) conflicts with Civ.R. 41(A)(1)(a) and thus infringes upon this court's constitutionally granted power under Article IV, Section 5(B) to set procedural rules for claims brought in Ohio.

{¶ 20} Article IV, Section 5(B) provides: "The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." This constitutional provision recognizes that "where conflicts arise between the Civil Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law." *Boyer v. Boyer*, 46 Ohio St.2d 83, 86, 346 N.E.2d 286 (1976).

{¶ 21} Civ.R. 1(C), however, limits the preemptive reach of the Civil Rules:

> These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules.

Civ.R. 1(C) thus acknowledges that the General Assembly may create procedural rules for special statutory proceedings that would make a civil rule "clearly inapplicable." There are two considerations in determining whether the Civil Rules

do not apply: whether the procedural statute governs a special statutory proceeding and whether that statute renders the civil rule at issue "clearly inapplicable."

{¶ 22} The court of appeals concluded that a workers' compensation case was not a special statutory proceeding within the meaning of Civ.R. 1(C). 2015-Ohio-4499, 42 N.E.3d 804, ¶ 17. In doing so, the court misinterpreted our decisions in *Kaiser* and *Robinson*. The lower court's confusion stems from a misstatement we made in dicta in *Kaiser*. There we said that we had held in *Robinson* that a workers' compensation appeal was not a special proceeding. *Kaiser*, 84 Ohio St.3d at 414, 704 N.E.2d 1212. But we made no such holding in *Robinson*. Indeed, we stated just the opposite: "R.C. 4123.512 is a special statutory proceeding * * *." *Robinson*, 81 Ohio St.3d at 366, 691 N.E.2d 667. And then we focused our attention on the second consideration—whether Civ.R. 41(A)(2) was "clearly inapplicable" to workers' compensation appeals. *Robinson* at 370.

{¶ 23} Plainly, what we said in *Robinson* was correct: the workers' compensation appeal provided for in R.C. 4123.512 is a special statutory proceeding. Workers' compensation did not exist at common law or in equity but was established by special legislation. *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 15.

{¶ 24} Having clarified that an R.C. 4123.512 appeal constitutes a special statutory proceeding, we turn to the question whether Civ.R. 41(A) is clearly inapplicable. A civil rule is clearly inapplicable " 'only when [its] use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action.' " *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 133, 435 N.E.2d 1114 (1982), quoting *State ex rel. Millington v. Weir*, 60 Ohio App.2d 348, 349, 397 N.E.2d 770 (10th Dist.1978).

{¶ 25} In *Robinson*, we addressed whether Civ.R. 41(A)(2), which allows a claimant to dismiss an appeal with the approval of the trial court, "alter[ed] the basic statutory purpose" of R.C. 4123.512. 81 Ohio St.3d at 370, 691 N.E.2d 667.

The employer argued that the rule was contrary to the statute's purpose of promoting "a speedy and inexpensive remedy." *Id.* We were not persuaded by the argument—we concluded that requiring court approval before dismissal would operate as a check on undue delay and expense. *Id.* We later extended *Robinson*'s holding to voluntary dismissals under Civ.R. 41(A)(1) without revisiting the question whether the rule altered the purpose of R.C. 4123.512. *Kaiser*, 84 Ohio St.3d at 415, 704 N.E.2d 1212.

**{¶ 26}** R.C. 4123.512(D) has changed. A claimant's ability to voluntarily dismiss an employer's appeal pursuant to Civ.R. 41(A)(1)(a) and (A)(2) "has * * * been superseded by statute." *Bennett v. Admr., Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 19, fn. 3. The purpose of the consent provision is obvious: to thwart the ability of claimants to voluntarily dismiss an employer's appeal without the employer's consent. Application of Civ.R. 41(A) would "alter the basic statutory purpose" for which the consent provision was enacted. *Price* at 133. That renders the rule clearly inapplicable.

**{¶ 27}** There is no conflict between a statute and the Civil Rules—and thus no separation-of-powers concern—in an instance when the Civil Rules by their own terms defer to statutory law. The Civil Rules allow the General Assembly to implement procedural rules in special statutory proceedings and recognize that such statutes take precedence when they render the Civil Rules inapplicable. An R.C. 4123.512 appeal is a special statutory proceeding. The consent provision renders Civ.R. 41(A) clearly inapplicable because the consent provision does not allow dismissals of employer-initiated appeals without the consent of the employer. Therefore, the consent provision does not violate Article IV, Section 5(B) of the Ohio Constitution.

### Equal Protection

**{¶ 28}** The court of appeals also concluded that the consent provision is unconstitutional under the Equal Protection Clauses of both the Ohio and federal

Constitutions because it creates a distinction between claimants in employer-initiated appeals in workers' compensation cases and plaintiffs in other types of civil cases with respect to their ability to voluntarily dismiss their complaints. In addition, Ferguson argues that the consent provision violates the Equal Protection Clauses because it treats injured workers unequally based on whether the injured worker or the employer initiated the appeal.

{¶ 29} Article I, Section 2 of the Ohio Constitution provides: "All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." The Fourteenth Amendment to the United States Constitution declares that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws." We have considered the two guarantees to be "functionally equivalent" and employ the same analysis under both provisions. *State v. Aalim*, ___Ohio St.3d ____, 2017-Ohio-2956, ___N.E.3d ___, ¶ 29.

{¶ 30} Although citizens are entitled to equal protection under the law, governments are "free to draw distinctions in how they treat certain citizens. 'The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike.' " *Park Corp. v. Brook Park*, 102 Ohio St.3d 166, 2004-Ohio-2237, 807 N.E.2d 913, ¶ 19, quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992).

{¶ 31} The first step in analyzing a statute on equal-protection grounds is determining the appropriate standard of review. *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 64. Where, as here, the classification does not involve a fundamental right or a suspect class, we will uphold the classification if it is rationally related to a legitimate government interest. *Conley v. Shearer*, 64 Ohio St.3d 284, 289, 595 N.E.2d 862 (1992). Under rational-basis review, we grant "substantial deference" to the General Assembly's

predictive judgment. *State v. Williams*, 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000).

{¶ 32} Rational-basis review is easily satisfied in this case. In enacting the consent provision, the legislature addressed the anomalous circumstance created by the workers' compensation system: that the appellee (the employee) was able to dismiss the appellant's (the employer's) appeal. Thus, while on the one hand, the consent provision causes workers' compensation claimants to be treated differently from plaintiffs in other types of cases, on the other hand, it corrected the situation so that workers' compensation appellants are now treated the same as other appellants.

{¶ 33} In enacting the consent provision, the legislature advanced legitimate state interests in limiting improper payments made during the pendency of appeals and in avoiding unnecessary delay in the appeal process. Indeed, in *Thorton*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, at ¶ 13, this court recognized that "the General Assembly amended R.C. 4123.512(D) through Am.Sub.S.B. No. 7 to address employers' concerns" about claimants prolonging employers' appeals.

{¶ 34} Because the payment of awarded compensation or medical benefits continues during an appeal, R.C. 4123.512(H)(1), there was an incentive for claimants to voluntarily dismiss a case and refile up to a year later. Claimants could partially insulate themselves from a potential reversal by extending the appeal and, along with it, the period during which they received benefits. This is a distinction without parallel in other civil litigation.

{¶ 35} The ability of claimants to use Civ.R. 41(A)(1)(a) in employer-initiated appeals had consequences that the state had a legitimate interest in addressing. First, if on appeal the court determines that payments should not have been made, these amounts are reimbursed to the employer from the state's surplus fund. R.C. 4123.34(H)(1). There is no dollar-for-dollar clawback from a claimant

of payments made pursuant to a commission award that is later reversed in the trial court, and no reimbursement at all for allowed claims reversed—for reasons other than fraud—by the court of appeals or this court. *See* R.C. 4123.511(K). The longer the delay before the reversal of an award, the greater the expense to the state. As this court has recognized, the financial health of the workers' compensation fund is a legitimate state interest. *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 34.

{¶ 36} Another consideration is the financial effect on employers. Self-insuring employers make outlays that may take years to be refunded. State-risk employers suffer the detriment of having awards charged to their experience until their accounts are adjusted for overturned awards. *See* R.C. 4123.511(J) and 4123.512(H).

{¶ 37} Finally, the state has a legitimate interest in avoiding unnecessary delays in the appeal process. The General Assembly in R.C. 4123.512(I) made workers' compensation appeals a priority for reviewing courts: "All actions and proceedings under this section which are the subject of an appeal to the court of common pleas or the court of appeals shall be preferred over all other civil actions except election causes, irrespective of position on the calendar." And under the time guidelines that we have established, the common pleas courts should dispose of workers' compensation cases in half the time allotted for most other civil cases. *See* Sup.R. 39 and Appendix A ("SRF Form A"). But the ideal of a prompt resolution of workers' compensation cases was compromised when a claimant with an award in hand was given control of the pace of a workers' compensation appeal. For a claimant in an employer's appeal, delay for delay's sake was a rational strategy given the lay of the land legally—payments continued at least as long as the appeal. Justice delayed paid.

{¶ 38} The classification of claimants in employer-initiated workers' compensation appeals as distinct from plaintiffs in other types of civil cases and

from claimants in claimant-initiated workers' compensation appeals is rationally related to the purpose of the consent provision in R.C. 4123.512(D). Only claimants in employer-initiated appeals had the incentive of continued payments to encourage the voluntary dismissal of a complaint. The unique position of those claimants produced the effects the General Assembly sought to address.

{¶ 39} The classification vis-à-vis other civil plaintiffs is especially reasonable given the differences between the workers' compensation system and the civil-justice system. "[W]orkers' compensation laws are the result of a unique compromise between employees and employers." *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 54. "[T]he Ohio Constitution itself draws the classification between persons who, as employees, are injured on the job and those persons who are injured other than in the workplace." *Id*. at ¶ 83.

{¶ 40} "We will set aside legislative classifications only if they are 'based solely on reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them.' " *Simpkins v. Grace Brethren Church of Delaware, Ohio*, 149 Ohio St.3d 307, 2016-Ohio-8118, 75 N.E.3d 122, ¶ 48 (lead opinion), quoting *Clements v. Fashing*, 457 U.S. 957, 963, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982). Because the classification made by the consent provision serves a legitimate state interest, it does not violate the equal-protection guarantees of the Ohio and federal Constitutions.

## Due Process and Due Course of Law

{¶ 41} We turn to the question whether the consent provision violates the federal Constitution's Due Process Clause and the Ohio Constitution's Due Course of Law Clause. The Fourteenth Amendment to the United States Constitution declares that no state shall "deprive any person of life, liberty, or property, without due process of law." Article I, Section 16 of the Ohio Constitution states that "every

person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law."

{¶ 42} The court of appeals was not clear whether it was providing a procedural-due-process analysis or a substantive-due-process analysis. A procedural-due-process challenge concerns the adequacy of the procedures employed in a government action that deprives a person of life, liberty, or property. The court of appeals determined that Ferguson had a property interest in his "cause of action." 2015-Ohio-4499, 42 N.E.3d 804, at ¶ 34-35. But the court took it no further. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). *Accord United Tel. Credit Union v. Roberts*, 115 Ohio St.3d 464, 2007-Ohio-5247, 875 N.E.2d 927, ¶ 13. The court below did not conclude, and Ferguson does not argue here, that Ferguson lacked the opportunity to have his case heard in a meaningful time or manner.

{¶ 43} Rather than concluding that Ferguson was denied a property right due to a failure of procedure, the court held that the legislative enactment itself restricts the right of an injured employee to dismiss his complaint without the consent of the employer. 2015-Ohio-4499, 42 N.E.3d 804, at ¶ 34. Because this is a challenge to a generalized legislative determination, it is best characterized as a substantive-due-process claim. Our analysis of the equal-protection claim gives away the ending. Under both state and federal due-process analysis, laws like this one that do not infringe upon fundamental rights will be upheld if they are rationally related to a legitimate state interest. *See Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 48-49. This is the same analysis we applied in our equal-protection review.

**{¶ 44}** The General Assembly saw what it viewed as an area of concern—that a claimant in an employer-initiated workers' compensation appeal could unilaterally prolong the appeal process for the sole purpose of guaranteeing the continued receipt of benefits for at least an additional year. This resulted in a needless extension of a process designed to run quickly, financial effects on the system as a whole, and a waste of judicial resources. And so, the General Assembly changed the law. Because the amendment to R.C. 4123.512(D) was rationally related to a legitimate state interest, it does not run afoul of the due-process and due-course-of-law protections.

## CONCLUSION

**{¶ 45}** The consent provision of R.C. 4123.512(D) does not improperly conflict with the Ohio Rules of Civil Procedure. Nor does it violate the equal-protection or due-process guarantees of the state and federal Constitutions. Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

KENNEDY, FRENCH, O'NEILL, and FISCHER, JJ., concur.

O'CONNOR, C.J., and O'DONNELL, J., concur in judgment only.

_____

Seaman & Associates, David L. Meyerson, and Shaun H. Kedir, for appellee.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Michael J. Hendershot, Chief Deputy Solicitor, for appellant.

Philip J. Fulton Law Office, Philip J. Fulton, and Chelsea Fulton Rubin, urging affirmance for amici curiae Ohio Association for Justice and Ohio Association of Claimants' Counsel.

LoPresti, Marcovy & Marotta, L.L.P., Thomas P. Marotta, and Michael S. Lewis, urging reversal for amicus curiae Automation Tool & Die, Inc.

Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, urging reversal for amicus curiae Ohio Chamber of Commerce.

Bricker & Eckler, L.L.P., and Sue A. Wetzel, urging reversal for amicus curiae National Federation of Independent Business/Ohio.

Vorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, urging reversal for amici curiae Ohio Self-Insurers Association and Ohio Council of Retail Merchants.

Chad A. Endsley, Leah Curtis, and Amy Milam, urging reversal for amicus curiae Ohio Farm Bureau Federation.

_____