MARY EILEEN KILBANE, P.J.:
{¶ 1} Defendant-appellant, AT & T Teleholdings, Inc. ("AT & T"), appeals the trial court's decision granting the motion of plaintiff-appellee, Juanita R. Houston ("Houston"), to voluntarily dismiss AT & T's workers' compensation appeal without AT & T's consent. Pursuant to the holding of the Ohio Supreme Court in Ferguson v. State , 151 Ohio St.3d 265, 2017-Ohio-7844, 87 N.E.3d 1250, we reverse and remand.
{¶ 2} Houston was injured on December 12, 2013, in the course and scope of her employment with AT & T, when she slipped and fell on icy steel stairs while at work (the "December 2013 accident"). She filed a claim with appellee, Ohio Bureau of Workers' Compensation ("BWC"), and the BWC allowed her claim for "facet arthropathy" and "degenerative disc disease at the L3-4, L4-5, and L5-S1 levels." In January 2015, Houston filed a motion requesting additional allowances for substantial aggravation of each of the initially allowed conditions. The BWC allowed the requested additional conditions.
{¶ 3} In August 2015, AT & T appealed to the court of common pleas from the order of the staff hearing officer of the Industrial Commission of Ohio ("ICO"). The ICO staff hearing officer found that Houston's additional conditions were the proximate and direct result of the December 2013 accident and, therefore, she is eligible to participate in the workers' compensation *257 fund for these additional conditions.
{¶ 4} The trial court set this matter for trial to commence on June 12, 2017. In May 2017, Houston moved to continue the trial. The trial court denied her motion. Subsequently, Houston moved to voluntarily dismiss her complaint without prejudice. The trial court granted Houston's motion despite the fact that AT & T did not consent to a voluntary dismissal of Houston's complaint as required by R.C. 4123.512(D) in an employer-initiated workers' compensation appeal.
{¶ 5} It is from this order that AT & T now appeals, presenting the following single assignment of error for our review:
Assignment of Error
The trial court erred by granting [Houston's] motion to voluntarily dismiss the complaint without prejudice, in that [AT & T] was the party that filed the court appeal and AT & T did not consent to the dismissal as required by R.C. 4123.512(D).
{¶ 6} R.C. 4123.512(D), commonly known as the workers' compensation statute's "consent provision," specifically provides:
The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. Further pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required and provided that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section.
(Emphasis added.) Id.
{¶ 7} We note that Houston's motion to voluntarily dismiss this matter and the trial court's decision to grant her motion were based upon this court's holding in Ferguson v. State , 2015-Ohio-4499, 42 N.E.3d 804 (8th Dist.). In Ferguson , this court found that R.C. 4123.521(D) was unconstitutional in that it violated the separation of powers doctrine and the equal protection and due process clauses of the Ohio and federal constitutions. Id. at ¶ 37. This court stayed the instant appeal pending the Ohio Supreme Court's decision in Ferguson .
{¶ 8} The Ohio Supreme Court recently reversed this court's holding in Ferguson and found the consent provision of R.C. 4123.512(D) to be constitutional. Ferguson , 151 Ohio St.3d 265, 2017-Ohio-7844, 87 N.E.3d 1250. Therefore, we must abandon our holding in Ferguson and reverse the trial court's judgment allowing Houston to dismiss her complaint without AT & T's consent in violation of R.C. 4123.512(D).
{¶ 9} Accordingly, AT & T's sole assignment of error is sustained.
{¶ 10} Judgment is reversed and the matter is remanded to the trial court for further proceedings on the merits.
TIM McCORMACK, J., and MELODY J. STEWART, J., CONCUR