[Cite as *State v. Davis*, 2025-Ohio-4601.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-20 |
| Appellee | : | |
| | : | Trial Court Case Nos. 2025 CRB 00084; |
| v. | : | 2025 CRB 00133 |
| | : | |
| ANTHONY J. DAVIS | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 3, 2025, the judgments of the trial court are affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


_____
MICHAEL L. TUCKER, JUDGE


EPLEY, P.J., and LEWIS, J., concur.

**OPINION**
MIAMI C.A. No. 2025-CA-20

ANTHONY J. DAVIS, Appellant, Pro Se
LENEE M. BROSH, Attorney for Appellee

TUCKER, J.

{¶ 1} Defendant-appellant Anthony J. Davis appeals from his convictions for two counts of failure to obtain a dangerous dog registration, two counts of failure to control and confine a dangerous dog, two counts of failure to report a designated-dangerous dog as loose, and two counts of failure to confine or control a dog.   For the reasons outlined below, we affirm.

## I.      Facts and Procedural Background

{¶ 2} This appeal involves two Miami County Municipal Court cases that have been consolidated for appeal.   In both cases, Davis was charged by complaint with the above-stated offenses stemming from his failure to contain two dogs.   Following a bench trial, Davis was found guilty on all charges.

{¶ 3} At the sentencing hearing, the trial court sentenced Davis, in Case Number 2025 CRB 00084, to 30 days in jail with 25 days suspended.   The court also imposed a five-year community control term.   As a condition of the community control, the court ordered that Davis have no animals in his home.   In Case Number 2025 CRB 00133, Davis was sentenced to 30 days in jail with 30 days suspended, as well as a five-year term of community control.   Again, the terms of the community control barred Davis from having animals in his home.

{¶ 4} Davis, acting pro se, appeals.

## II.     Transcript of the Trial and Sentencing Hearing

{¶ 5} Davis has failed to include in the appellate record transcripts of the trial and sentencing hearings.   "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). The failure to provide trial court transcripts deprives appellate courts "of the ability to determine whether the trial court's decision is supported by the evidence in the record, or otherwise to determine whether [the appellant] has satisfied its burden of portraying error in the record."  *Williams v. Premier Auto Mall*, 2003-Ohio-5922, ¶ 3 (2d Dist.).   Thus, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."  *Knapp* at 199.   We recognize that Davis is a pro se appellant. However, the Supreme Court of Ohio has "repeatedly declared that 'pro se litigants . . . must follow the same procedures as litigants represented by counsel.'"  *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. "'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'"  *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs*. 145 Ohio App.3d 651, 654 (10th Dist. 2001).

## III.     Due Process

{¶ 6} The first assignment of error asserted by Davis states as follows:

PROCEDURAL DUE PROCESS VIOLATION: THE TRIAL COURT'S ORDER LACKED SUFFICIENT NOTICE AND DUE PROCESS, VIOLATING THE APPELLANT'S CONSTITUTIONAL RIGHTS.

**{¶ 7}** Davis claims the trial court denied him the constitutional right to due process.

**{¶ 8}** "The right to procedural due process is found in the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution." *State v. Hayden*, 2002-Ohio-4169, ¶ 6. "A procedural-due-process challenge concerns the adequacy of the procedures employed in a government action that deprives a person of life, liberty, or property." *Ferguson v. State*, 2017-Ohio-7844, ¶ 42. The "basic requirements" of due process are "notice and an opportunity to be heard." *Id.*, citing *State v. Hochhausler*, 76 Ohio St.3d 455, 459 (1996).

**{¶ 9}** Davis does not argue that the statutes under which he was convicted fail to provide adequate notice of the proscribed conduct. *See State v. Wheatley*, 2018-Ohio-464, ¶ 35 (4th Dist.), citing *Dobbert v. Florida*, 432 U.S. 282, 297 (1977) (a statute's "existence on the statute books provided fair warning"); *Bryan v. United States*, 524 U.S. 184, 193, (1998) (every citizen is presumed to know the law). Further, the record demonstrates that Davis was appropriately served with summons on the complaint and apprised of the charges against him. The record shows that an attorney was appointed to represent his interests throughout the pendency of the trial court action. The matter proceeded to trial, and, in the absence of a transcript demonstrating evidence to the contrary, we presume Davis was afforded the chance to be heard, to conduct cross-examination of the prosecution's witnesses, and to present his own evidence and witnesses. Indeed, he makes no claims to the contrary in his appellate brief.

{¶ 10} On this record, we are unable to discern a procedural due process violation. Accordingly, the first assignment of error is overruled.

## IV.    Sentencing

{¶ 11} Davis's second assignment of error provides as follows:

EXCESSIVE AND UNJUST PENALTIES:   THE PENALTIES IMPOSED, INCLUDING THE REMOVAL OF MIXER AND PROHIBITIONS ON FUTURE PET OWNERSHIP, ARE EXCESSIVELY PUNITIVE AND UNSUPPORTED BY THE EVIDENCE.

{¶ 12} Davis claims the trial court erred in sentencing.

{¶ 13} This court has addressed the parameters of sentencing for misdemeanors in *State v. Johnson*, 2022-Ohio-1782 (2d Dist.), wherein we stated:

When sentencing for a misdemeanor offense, the trial court is guided by the "overriding purposes of misdemeanor sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A); *State v. Bakhshi,* 2d Dist. Montgomery No. 25585, 2014-Ohio-1268, ¶ 47. "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). The trial court's sentence must be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences

imposed for similar offenses committed by similar offenders." R.C. 2929.21(B); *State v. Collins,* 2d Dist. Greene No. 2012-CA-2, 2012-Ohio-4969, ¶ 9. Unless a mandatory jail term is required, a trial court has discretion to determine the most effective way to achieve the purposes and principles of misdemeanor sentencing. R.C. 2929.22(A).

R.C. 2929.22(B)(1) identifies seven factors for the trial court to consider in determining the appropriate sentence. Stated generally, those factors include the nature and circumstances of the offense(s); whether the offender has a history of persistent criminal activity and is likely to commit another offense; whether there is a substantial risk that the offender will be a danger to others; whether the victim's circumstances made the victim particularly vulnerable to the offense or made the impact of the offense more serious; and factors relating to the offender's military service, if any. *See* R.C. 2929.22(B)(1)(a)-(g). The court may consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing. R.C. 2929.22(B)(2).

*Id.* at ¶ 10-11.

**{¶ 14}** A sentencing court must also "consider any relevant oral and written statement made by the victim, the victim's representative, the victim's attorney, if applicable, the defendant, the defense attorney, and the prosecuting authority regarding sentencing for a misdemeanor." R.C. 2929.22(D)(1). Nevertheless, we have recognized that:

The trial court is not required to state on the record its reasons for the particular sentence it imposes. *Collins* at ¶ 10. "If the sentence imposed is within permissible statutory limits, a reviewing court will presume that the trial

court considered the sentencing factors in R.C. 2929.22(B), absent a showing to the contrary." *State v. Johnson,* 2d Dist. Greene No. 2004-CA-126, 2005-Ohio-6826, ¶ 9.

We review misdemeanor sentences for an abuse of discretion. *State v. Peagler,* 2d Dist. Montgomery No. 24426, 2012-Ohio-737, ¶ 3; *Bakhshi,* 2d Dist. Montgomery No. 25585, 2014-Ohio-1268, at ¶ 50. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

*Johnson*, 2022-Ohio-1782, at ¶ 13-14.

{¶ 15} In this case, Davis challenges the trial court's community control condition barring him from having animals in his home. He contends the "severe restrictions on pet ownership and the forced removal of [a third dog], who was uninvolved in the alleged incident, constitutes an excessive penalty."

{¶ 16} The record shows that the offenses charged in Case Number 2025 CRB 00084 occurred on December 27, 2024, and the offenses charged in Case Number 2025 CRB 00133 occurred almost a month later on January 22, 2025. Further, the charging document shows that the charge of failure to control and confine a pit bull mix dog constituted Davis's twelfth offense for that dog. Thus, there is support in the record indicating that Davis persists in committing such offenses. Because we have no transcript of the sentencing hearing, we must presume regularity in the court's decision and conclude that the court imposed appropriate sentences and conditions on community control. Therefore, we cannot make a finding that the court abused its discretion in sentencing.

{¶ 17} The second assignment of error is overruled.

## V.     Sufficiency

**{¶ 18}** The third assignment of error is as follows:

LACK OF SUBSTANTIAL EVIDENCE FOR CHARGES:   THE CHARGES BROUGHT AGAINST MR. DAVIS WERE NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, WARRANTING THEIR DISMISSAL.

**{¶ 19}** Davis contends the record does not set forth "substantial evidential support" to "justify the severity of the charges or the associated penalties."   Thus, he argues the "charges should be dismissed in their entirety."

**{¶ 20}** As already discussed, without transcripts of the trial and sentencing hearings, the trial court's determinations are presumed correct and valid.   The third assignment of error is overruled.

## VI.     Conclusion

**{¶ 21}** All of Davis's assignments of error being overruled, the judgments of the trial court are affirmed.

. . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.