[Cite as *State v. T.W.C.*, 2024-Ohio-49.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 23AP-196 |
| | : | (C.P.C. Nos. 85CR-2594, 01CR-1455 03CR-6552, and 04CR-1841) |
| v. | | |
| [T.W.C.], | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on January 9, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Darren M. Burgess*, for appellant. **Argued:** *Darren M. Burgess.*

**On brief:** *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellee. **Argued:** *Timothy E. Pierce.*

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals a judgment of the Franklin County Court of Common Pleas that granted the application of defendant-appellee, T.W.C., to seal the records of his convictions. For the following reasons, we affirm that judgment.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} In case No. 85CR-2594, in a judgment dated July 17, 1987, T.W.C. was convicted of theft in violation of R.C. 2913.02, a felony of the fourth degree. In case No. 01CR-1455, in a judgment dated May 29, 2001, T.W.C. was convicted of receiving stolen property in violation of R.C. 2913.51, a felony of the fifth degree. In case No. 04CR-1841, in a judgment dated June 18, 2004, T.W.C. was convicted of failure to appear in violation of

R.C. 2937.99, a felony of the fifth degree.  Finally, in case No. 03CR-6552, in a second judgment dated June 18, 2004, T.W.C. was convicted of two counts of forgery in violation of R.C. 2913.31, both felonies of the fifth degree.

{¶ 3}  In case No. 03CR-6552, the trial court sentenced T.W.C. to nine months imprisonment for each count of forgery, to be served concurrently.  Moreover, the June 18, 2004 judgment sentencing T.W.C. in case No. 03CR-6552 stated:

> Restitution in the amount of Two Thousand Six Hundred Sixty Three Dollars ($2,663.00) is entered as a civil judgment against Defendant and in favor of victim, Mid-State Credit Union. Additionally Court costs in the amount of Four Hundred Eight Dollars ($408.00) are entered as a civil judgment against Defendant.

(June 18, 2004 Jgmt. Entry at 2.)

{¶ 4}  On December 6, 2022, T.W.C. applied to seal the convictions in his four cases. The state objected to the sealing of T.W.C.'s convictions on grounds that T.W.C. had not paid his court-ordered restitution in case No. 03CR-6552.

{¶ 5}  The trial court held a hearing on T.W.C.'s application on March 9, 2023. Upon inquiry of T.W.C., the trial court learned that he was 60 years old, received Social Security Disability Insurance payments, and had no assets or savings.  T.W.C. also testified that he could not pay the $2,663 restitution amount.  Based on this testimony, the trial court found that T.W.C. was unable to pay the restitution.  The trial court then stated that it was "going to waive the restitution in 03[C]R-6552.  We'll put on an entry waiving it." (Tr. at 7.)

{¶ 6}  However, in the entry sealing record of conviction pursuant to R.C. 2953.32 issued on March 14, 2023, the trial court did not waive the restitution ordered in case No. 03CR-6552.  Rather, in the entry, the trial court only found that sealing the convictions in T.W.C.'s four cases was consistent with the public interest, and T.W.C. had been rehabilitated to the trial court's satisfaction.  The trial court thus ordered the records relating to the four convictions sealed.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}  The state now appeals the March 14, 2023 entry, and it assigns the following errors:

[1.] The trial court erred when it sealed the Appellee's records of convictions because the Appellee currently owes restitution, has not obtained a final discharge, and has not met the statutory waiting period at the conclusion of his criminal proceedings.

[2.] The trial court erred when it attempted in this sealing case to *sua sponte* modify the Appellee's final judgment of conviction and restitution order in 03CR-6552.

## III. STANDARD OF REVIEW

{¶ 8} The statutory law in effect at the time T.W.C. applied to seal his convictions governs this case. *See State v. G.K.*, 169 Ohio St.3d 266, 2022-Ohio-2858, ¶ 4, fn. 1 ("the statutory law in effect at the time of filing an application to seal criminal records is controlling"). According to that law, to seal a record of conviction, the trial court had to first determine whether an offender qualified as an "eligible offender" based on the number and type of his convictions. *See* former R.C. 2953.31(A), 2021 Am.Sub.H.B. No. 110. A court of appeals reviews this determination de novo. *State v. Young*, 10th Dist. No. 19AP-49, 2019-Ohio-3161, ¶ 8; *In re A.R.H.*, 10th Dist. No. 18AP-554, 2019-Ohio-1325, ¶ 9. The trial court had to also determine whether the applicable statutory waiting period for an offender's criminal conviction or convictions had expired. *See* former R.C. 2953.32(A), 2020 Am.Sub.H.B. No. 1, 2020 Am.Sub.H.B. No. 431. A court of appeals also reviews this determination de novo. *Young* at ¶ 8; *A.R.H.* at ¶ 9.

{¶ 9} In the second part of the sealing inquiry, the trial court considers the listed factors in determining whether to seal the record of conviction. *See* former R.C. 2953.32(C)(1). These factors include "whether the applicant has been rehabilitated to the satisfaction of the court" and "the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed [and] the legitimate needs, if any, of the government to maintain those records." Former R.C. 2953.32(C)(1)(c) and (e). A court of appeals reviews the trial court's consideration of the statutory factors for an abuse of discretion. *State v. J.L.*, 10th Dist. No. 19AP-91, 2020-Ohio-3466, ¶ 9.

## IV. LEGAL ANALYSIS

{¶ 10} By its first assignment of error, the state argues that T.W.C. is not eligible to seal his convictions because he did not comply with the statutorily mandated waiting period prior to applying to seal his convictions. We disagree.

{¶ 11} Pursuant to former R.C. 2953.32(A)(1)(b), a defendant could apply to seal his convictions "[a]t the expiration of one year after the offender's final discharge if convicted of a felony of the fourth or fifth degree or a misdemeanor." Serving the relevant waiting period is a mandatory requirement for the sealing of a record of conviction. *Young* at ¶ 12.

{¶ 12} Here, T.W.C.'s convictions are all felonies of fourth or fifth degrees. The state, thus, concedes that former R.C. 2953.32(A)(1)(b) allowed T.W.C. to apply to seal his convictions one year after "final discharge." All of T.W.C.'s convictions occurred well over 15 years ago, and he has long since completed all terms of imprisonment and community control imposed. However, the state contends that T.W.C. has yet to receive a "final discharge" in case No. 03CR-6552 because he has not paid the restitution ordered in that case.

{¶ 13} Former R.C. 2953.32 did not define "final discharge" or "discharge." In clarifying the meaning of the statutory language, the Supreme Court of Ohio held that "it is clear from the phrasing of [former] R.C. 2953.32(A)(1)(a) that the 'discharge' is from the applicant's felony conviction, which would include all attendant criminal sanctions."[1] *State v. P.J.F.*, 170 Ohio St.3d 332, 2022-Ohio-4152, ¶ 12. In *P.J.F.*, the court went on to explain its earlier holding in *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, a case that dealt specifically with restitution:

> In *Aguirre*, the defendant sought to have the record of her felony conviction for theft sealed despite not having paid more than $14,000 in restitution that was ordered as part of her sentence. *Id*. at ¶ 3, 21. This court explored the meaning of "final discharge" in the context of a restitution order * * *. [W]e held that "the final discharge required by [former] R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements." *Id*. at ¶ 28. Because the defendant's sentence required payment of restitution, we held that the sentence would not be satisfied until restitution was fully paid. *Id*. at ¶ 29.

*P.J.F.* at ¶ 13. Consistent with *P.J.F.* and *Aguirre*, this court has held that " ' "[f]inal discharge" has not been achieved until an individual has served all criminal portions of the punishment imposed by the court.' " *A.R.H.* at ¶ 13, quoting *State v. T.M.*, 8th Dist. No.

---

[1] Former R.C. 2953.32(A)(1)(a) permitted an offender to apply for the sealing of his criminal record "[a]t the expiration of three years after the offender's final discharge if convicted of one felony." Former R.C. 2953.32(A)(1)(a), 2018 Am.Sub.S.B. No. 66.

101194, 2014-Ohio-5688, ¶ 15; *accord State v. S.R.*, 10th Dist. No. 21AP-27, 2021-Ohio-4458, ¶ 13 (holding "final discharge occurs when an offender has served all aspects of the sentence, including the satisfaction of restitution"); *J.L.* at ¶ 13 (same).

{¶ 14} In this case, although the trial court purported to order T.W.C. to pay restitution, it entered the order that T.W.C. pay $2,663 to Mid-State Credit Union "as a civil judgment." (June 18, 2004 Jgmt. Entry at 2.) The trial court, therefore, did not institute the payment requirement as a criminal sanction against T.W.C. As we stated above, "final discharge" requires satisfaction of all "sentencing requirements" or "criminal portions of the punishment." *Aguirre* at ¶ 2, 28; *A.R.H.* at ¶ 13. Because, in this case, the payment requirement did not qualify as either, T.W.C. did not have to pay the money owed to obtain a "final discharge" of his conviction in case No. 03CR-6552.

{¶ 15} In arguing to the contrary, the state relies on *J.L.* In that case, the trial court sentenced the defendant to a term of community control and ordered the defendant to pay $4,000 in restitution. *Id.* at ¶ 3. Ultimately, the trial court terminated the defendant's community control as unsuccessful and reduced the restitution owed to a civil judgment. *Id.* at ¶ 5. The defendant later applied to seal his conviction, but the state objected on the grounds the defendant had not satisfied the statutory waiting period as he had not paid his restitution. *Id.* at ¶ 10. We determined on appeal that a final discharge did not occur when the trial court reduced the restitution to a civil judgment pursuant to R.C. 2929.18(D)(1). *Id.* at ¶ 18. We stated, "[t]he application of R.C. 2929.18(D)(1) does not alter the determination of whether restitution was fully paid. Instead, R.C. 2929.18(D)(1) merely provides a way of collecting a financial sanction by obtaining a certificate of judgment in the same manner and form as a certificate of judgment in a civil case." *Id.* *See also State v. D.D.F.*, 10th Dist. No. 20AP-10, 2020-Ohio-4663, ¶ 15-18 (applying and following *J.L.*).

{¶ 16} *J.L.* is not applicable to this case. In *J.L.*, we determined that converting the criminal restitution order to a civil judgment did not alter the defendant's obligation to satisfy all original sentencing requirements. Here, unlike in *J.L.*, no criminal restitution order ever existed because the trial court entered the requirement to pay as a separate civil judgment. Because the trial court never imposed a criminal financial sanction as part of T.W.C.'s sentence, T.W.C. cannot be required to pay any such sanction as a requirement for obtaining a "final discharge."

{¶ 17} Moreover, the state faces a more intractable problem. At the time of the judgment in case No. 03CR-6552, a civil judgment became dormant within five years of the date of the judgment unless: (1) an execution on the judgment was rendered, or (2) a certificate of judgment for obtaining a lien upon lands and tenements was issued and filed as provided in R.C. 2329.02 and 2329.04. *See* former R.C. 2329.07(A), Am.Sub.H.B. No. 95, 150 Ohio Laws 396. A dormant judgment may be revived. R.C. 2325.15. However, with certain inapplicable exceptions, "[a]n action to revive a judgment can only be brought within ten years from the time it became dormant." R.C. 2325.18(A).

{¶ 18} Here, the record reflects that nothing happened to prevent the judgment in case No. 03CR-6552 from going dormant in 2009, five years after it was issued. No one revived the judgment between 2009 and 2019, the next ten years. The civil portion of the judgment in case No. 03CR-6552, therefore, is permanently dormant. A dormant judgment cannot be enforced and has no legal effect. *Auto Now Acceptance Co., L.L.C. v. Brickey*, 4th Dist. No. 19CA3883, 2020-Ohio-3447, ¶ 9; *Discover Bank v. Wells*, 2d Dist. No. 2018-CA-44, 2018-Ohio-4637, ¶ 20; *Adlaka v. Montella*, 7th Dist. No. 11 MA 133, 2013-Ohio-1276, ¶ 22; *Cadles of Grassy Meadows, II, L.L.C. v. Kistner*, 6th Dist. No. L-09-1267, 2010-Ohio-2251, ¶ 9. Consequently, we find unenforceable and of no legal effect the portion of the judgment in case No. 03CR-6552 that orders T.W.C. to pay $2,663 to Mid-State Credit Union "as a civil judgment." (June 18, 2004 Jgmt. Entry at 2.) Given that the payment requirement is a legal nullity, T.W.C.'s failure to comply with it cannot preclude him from achieving "final discharge."

{¶ 19} In short, the state has not demonstrated that T.W.C. currently owes restitution, did not obtain a "final discharge," or failed to meet the statutory waiting period requirement. Accordingly, we overrule the state's first assignment of error.

{¶ 20} By the state's second assignment of error, it argues the trial court erred in modifying the judgment in case No. 03CR-6552. " 'A court of record speaks only through its journal and not by oral pronouncement.' " *State v. Leegrand*, 170 Ohio St.3d 304, 2022-Ohio-3623, ¶ 8, quoting *Schenley v. Kauth*, 160 Ohio St. 109 (1953), paragraph one of the syllabus. Although the trial court discussed modifying the judgment in case No. 03CR-6552 at the hearing on T.W.C.'s sealing application, the court did not actually do so in its March 14, 2023 entry. The trial court, therefore, did not commit the error alleged in the

second assignment of error.  Accordingly, we overrule the state's second assignment of error.

## V.  CONCLUSION

{¶ 21} For the foregoing reasons, we overrule the state's two assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and EDELSTEIN, JJ., concur.

_____