NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2890

THE STATE OF OHIO, APPELLANT, *v.* T.W.C., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. T.W.C.*, Slip Opinion No. 2025-Ohio-2890.]

*Criminal law—R.C. 2953.32—Restitution order in trial court's criminal-sentencing entry remains a sanction that is part of the criminal sentence, and restitution must be paid before the offender is eligible to apply to have the record of his convictions sealed, regardless of whether the entry identifies the restitution order "as a civil judgment"—Court of appeals' judgment reversed and cause remanded.*

(No. 2024-0265—Submitted April 1, 2025—Decided August 19, 2025.)

APPEAL from the Court of Appeals for Franklin County,

No. 23AP-196, 2024-Ohio-49.

_____

DETERS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, RYAN, HAWKINS, and SHANAHAN, JJ., joined.  MICHAEL J. RYAN, J., of the Eighth District Court of Appeals, sitting for BRUNNER, J.

**DETERS, J.**

{¶ 1} An offender who was convicted of a fourth- or fifth-degree felony may apply to have his conviction sealed one year after receiving a final discharge. If the offender owes restitution, he obtains a final discharge and is eligible to have his conviction sealed only when restitution has been fully paid.

{¶ 2} In this case, the Franklin County Court of Common Pleas granted T.W.C.'s application to seal the record of his convictions for two fifth-degree felonies over the State of Ohio's objection that T.W.C. was not eligible to apply to have the record sealed, because he had not paid court-ordered restitution. The Tenth District affirmed the trial court's judgment. 2024-Ohio-49, ¶ 21 (10th Dist.). It concluded that because the trial court had ordered payment of restitution to the victim "as a civil judgment" in the felony case, the payment of restitution was removed from the sentencing sanctions that had to be satisfied before T.W.C. could receive a final discharge. *Id.* at ¶ 14.

{¶ 3} We disagree. No matter the label given to a restitution order in a sentencing entry, it remains a sanction that is part of the sentence. Therefore, restitution must be paid before the offender is eligible to apply to have the record of his convictions sealed. We therefore reverse the court of appeals' judgment and remand the case to that court for consideration of T.W.C.'s constitutional arguments.

## Background

{¶ 4} In June 2004, T.W.C. pleaded guilty to two counts of forgery, a fifth-degree felony in violation of R.C. 2913.31, related to his withdrawal of funds after depositing counterfeit checks into an account at Mid-State Credit Union. The trial court sentenced him to concurrent nine-month prison terms and ordered him to pay restitution and costs as follows:

> Restitution in the amount of Two Thousand Six Hundred Sixty Three Dollars ($2,663.00) is entered as a civil judgment against Defendant and in favor of [the] victim, Mid-State Credit Union. Additionally Court costs in the amount of Four Hundred Eight Dollars ($408.00) are entered as a civil judgment against Defendant.

*State v. [T.W.C.]*, Franklin C.P. No. 03-CR-09-6552, at 2 (June 18, 2004).

**{¶ 5}** In December 2022—after having served the requisite prison terms and postrelease community control—T.W.C. applied to seal the record of his convictions.[1] The State objected, arguing that T.W.C. was statutorily ineligible to have the record of his convictions sealed because he had not paid his court-ordered restitution.

**{¶ 6}** At a hearing on his application, T.W.C. testified that he was unable to pay the restitution amount. Although the trial court stated during the hearing that it was "going to waive the restitution," it did not enter an order to that effect. Instead, the trial court granted T.W.C.'s application to seal the record of his convictions, stating that sealing was "consistent with the public interest." *State v. [T.W.C.]*, Franklin C.P. No. 22EP-1240 (Mar. 14, 2023). The State noted its objection to the entry and appealed to the Tenth District.

**{¶ 7}** The Tenth District affirmed the trial court's decision to seal the record of T.W.C.'s convictions. 2024-Ohio-49 at ¶ 21 (10th Dist.). It held that the trial court had imposed the order for restitution as a civil judgment, rather than a criminal sanction, so T.W.C. did not need to pay the restitution amount to satisfy his sentence. *Id.* at ¶ 14, 16. The court of appeals also concluded that as a civil

---

1. T.W.C. also applied to seal the records of his 1987 conviction for theft, his 2001 conviction for receiving stolen property, and his 2004 conviction for failure to appear. Although the State appealed to the Third District the trial court's order granting T.W.C.'s application to seal the records of those convictions, the trial court's order regarding the sealing of those records is not at issue in this appeal.

judgment, the restitution order was subject to debtor-protection laws, including dormancy laws: because five years had passed since the order was issued and the civil judgment had not been revived by Mid-State Credit Union, the judgment had become permanently dormant. *Id.* at ¶ 17-18. Thus, the court of appeals concluded, T.W.C. was entitled to final discharge and eligible to have the record of his convictions sealed. The Tenth District did not address T.W.C.'s argument that a denial of his application to seal his record of convictions would violate his rights under the United States Constitution and the Ohio Constitution.

{¶ 8} We accepted jurisdiction over the State's appeal on two propositions of law:

> [1.] The entry of a financial sanction of restitution as a civil judgment under R.C. 2929.18 does not obviate the underlying criminal financial sanction. Even if it does, the "final discharge" requirement in R.C. 2953.32 necessitates payment of restitution when ordered as a "civil judgment."

> [2.] The law requires the payment of restitution in order to achieve a final discharge for purposes of R.C. 2953.32 even when a victim has not pursued civil collection remedies.

*See* 2024-Ohio-1832.

## Analysis

{¶ 9} Trial courts apply a two-step analysis when determining whether to grant an application to seal a record of conviction. First, the trial court "determines whether the offender is an 'eligible offender,' including whether the offender has waited the requisite time before filing." *State v. J.L.*, 2020-Ohio-3466, ¶ 9 (10th Dist.); *see also State v. Aguirre*, 2014-Ohio-4603, ¶ 18. Second, the trial court "weighs a number of substantive considerations for and against the sealing." *J.L.*

4

at ¶ 9; *see also Aguirre* at ¶ 18. Our focus here is whether T.W.C. waited the required time after final discharge before filing an application to seal the record of his convictions. We review de novo the trial court's determination of that question of law. *State v. P.J.F.*, 2022-Ohio-4152, ¶ 9; *State v. J.M.*, 2016-Ohio-2803, ¶ 9.

{¶ 10} Under former R.C. 2953.32(A)(1)(b), an eligible offender may apply for sealing "[a]t the expiration of one year after the offender's final discharge if convicted of a felony of the fourth or fifth degree or a misdemeanor, so long as none of the offenses is a violation of section 2921.43 of the Revised Code." 2019 Am.Sub.H.B.No. 1; 2019 Am.Sub.S.B. No. 10; 2019 Sub.H.B. No. 431.

{¶ 11} Because "discharge" is not defined in the relevant statutes, this court has looked to the common understanding of the term to define it. *P.J.F.* at ¶ 11-12. "[I]n the context of sealing criminal records, it is clear from the phrasing of [the statutory provision] that the 'discharge' is from the applicant's felony conviction, which would include *all attendant criminal sanctions*." (Emphasis added.) *Id.* at ¶ 12.

{¶ 12} A "sentence" is "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." R.C. 2929.01(EE). And R.C. 2929.01(DD) includes within the definition of "sanction" restitution imposed under R.C. 2929.18. Therefore, restitution is one type of "attendant criminal sanction[]," *P.J.F.*, 2022-Ohio-4152, at ¶ 12.

{¶ 13} In *Aguirre*, 2014-Ohio-4603, this court considered whether a record of conviction could be sealed when the offender had not paid court-ordered restitution to a third-party. We held: "[T]he final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements. Court-ordered restitution is one such sentencing requirement." *Aguirre* at ¶ 28.

{¶ 14} Despite acknowledging *Aguirre*'s explanation of what constitutes a final discharge, T.W.C. urges us to adopt the Tenth District's conclusion in this

case that because the trial court ordered the payment of $2,663 to Mid-State Credit Union as a "civil judgment," *[T.W.C.]*, Franklin C.P. No. 03-CR-09-6552, at 2 (June 18, 2004), the restitution order was not a sentencing requirement that had to be satisfied before T.W.C. could obtain a final discharge. That the trial court did not mean for the payment to be restitution is belied by the sentencing entry in which the trial court stated that it was ordering "[*r*]*estitution* in the amount of . . . $2,663 . . . as a civil judgment against Defendant and in favor of [the] victim." (Emphasis added.) *Id.* And the court of appeals' focus on the phrase "civil judgment" ignores the circumstances in which the order was made: the order was made in a sentencing entry in a criminal case in which T.W.C. pleaded guilty to two counts of forgery. The trial court's ability to sentence T.W.C. in that criminal case was limited by statute. *See* R.C. 2929.13(A). Therefore, even if the trial court had wanted to enter a civil judgment against T.W.C., it had no authority to do so.

{¶ 15} The trial court's labelling of the restitution order as a civil judgment is better understood as its recognition that the victim, Mid-State Credit Union, could collect the restitution amount by obtaining a certificate of judgment under R.C. 2929.18(D), which states that

> [a] financial sanction of restitution imposed pursuant to [R.C. 2929.18(A)(1) or (B)(8)] is an order in favor of the victim of the offender's criminal act that can be collected through a certificate of judgment as described in [R.C. 2929.18(D)(1)], through execution as described in [R.C. 2929.18(D)(2)], or through an order as described in [R.C. 2929.18(D)(3)], and the offender shall be considered for purposes of the collection as the judgment debtor.

{¶ 16} T.W.C. also leans into what the Tenth District called the State's "intractable problem," 2024-Ohio-49 at ¶ 17 (10th Dist.). Because the court of

6

appeals determined—incorrectly—that the trial court's restitution order was a civil judgment, it applied principles of dormancy from debtor law to find that the trial court's order had become dormant in 2009 and had not been revived in the following ten years, thereby becoming permanently dormant. *See id.* at ¶ 17-18. Thus, the court of appeals concluded that the trial court's restitution order was now a legal nullity. *Id.* at ¶ 18.

{¶ 17} But as discussed above, the payment of restitution was ordered under R.C. 2929.18 as part of T.W.C.'s criminal sentence, and R.C. 2929.18 does not impose a time limit within which restitution must be paid. *See P.J.F.*, 2022-Ohio-4152, at ¶ 15 (a "party who is owed money from a financial community-control sanction may obtain a civil judgment that can be enforced with no specific time limits, R.C. 2929.18(D)(1)"); *Aguirre*, 2014-Ohio-4603, at ¶ 28, citing R.C. 2929.18 ("While community-control sanctions end after five years, . . . the obligation to pay restitution does not expire due to the passage of time.").

{¶ 18} T.W.C. suggests that the trial court properly granted his application to seal the record of his convictions under its inherent authority. As we have repeatedly stated, "sealing a conviction record is . . . an act of grace." *Aguirre* at ¶ 27; *see also State v. Boykin*, 2013-Ohio-4582, ¶ 11. While trial courts have some discretion to determine whether "the interests of the applicant in having the records . . . sealed are not outweighed by any legitimate governmental needs to maintain those records," former R.C. 2953.32(C)(2), and whether the applicant has been rehabilitated, *id.*, "the General Assembly has decreed that courts are required to *refuse to seal* a record when the offender is not yet eligible to have his or her conviction records sealed" (emphasis in original), *Aguirre* at ¶ 27. "No discretionary consideration can justify granting an application to seal before the offender has established eligibility to apply." *Id.* "To the extent that public policy might support the sealing of a criminal record before the offender pays all court-

ordered restitution, implementation of that policy must occur at the legislative branch." *Id.* at ¶ 25.

**Conclusion**

{¶ 19} T.W.C. did not pay the court-ordered restitution—a sanction that the trial court imposed as part of his criminal sentence—so he is not eligible to apply to have the record of his convictions for forgery sealed. We accordingly reverse the judgment of the Tenth District Court of Appeals and remand the case to that court for consideration of T.W.C.'s constitutional arguments.

Judgment reversed

and cause remanded.

_____

Shayla D. Favor, Franklin County Prosecuting Attorney, and Darren M. Burgess, Assistant Prosecuting Attorney, for appellant.

Mitchell A. Williams, Franklin County Public Defender, and Timothy E. Pierce, Assistant Public Defender, for appellee.

Morgan Galle and Elizabeth Well, urging reversal for amicus curiae, Ohio Crime Victim Justice Center.

_____