[Cite as *State v. Campbell*, 2025-Ohio-5119.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250076 |
| | | TRIAL NO. | B-2202312 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| DEARON CAMPBELL, | : | *JUDGMENT ENTRY* | |
| Defendant-Appellant. | : | | |

This cause was heard upon the appeal, the record, the briefs and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 11/12/2025 per order of the court.**

**By:**_____
**Administrative Judge**

[Cite as *State v. Campbell*, 2025-Ohio-5119.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :         APPEAL NO.   C-250076
                                            TRIAL NO.    B-2202312
    Plaintiff-Appellee,       :

  vs.                             :         *O P I N I O N*

DEARON CAMPBELL,                  :

    Defendant-Appellant.      :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 12, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Dearon Campbell appeals the denial of his application to expunge his conviction for unauthorized use of property. In his sole assignment of error, Campbell argues that the trial court abused its discretion in denying his application. For the following reasons, we affirm the judgment of the trial court.

## Factual Background

{¶2} Dearon Campbell filed an application to expunge a conviction for "tak[ing] ID of another" that was journalized on May 25, 2023. According to the application, Campbell sought the expungement for employment, housing, and educational purposes.

{¶3} The State filed a written objection to Campbell's request. According to the State's objection, Campbell assumed the victim's identity to obtain employment at four different places in 2019, earning $33,491 in income. The victim was notified by the Internal Revenue Service ("IRS") that he owed approximately $8000 in unpaid taxes during 2019. Campbell was initially charged with identity fraud, a third-degree felony, for assuming the identity of victim M.H. Campbell pled guilty to a reduced charge of unauthorized use of property, a first-degree misdemeanor.

{¶4} The State also asserted that Campbell failed to establish that he was sufficiently rehabilitated because six months after his 2023 conviction, he was charged with similar conduct and had two theft-related convictions in less than a year. In 2024, Campbell was charged with a felony theft in Warren County. Campbell pled guilty to a reduced charge of theft, a first-degree misdemeanor.

{¶5} The State also argued that it had an interest in maintaining the conviction. Specifically, Campbell's conduct "evinces a complete disregard for the rights and property of others, and those who encounter him in the future have a right

to know that he is prone to victimizing others for his own personal enrichment."

{¶6} At the hearing on the application, the court asked Campbell's counsel to provide a background of the case he sought to expunge. Counsel explained that Campbell used a stolen identity to gain employment. When asked if Campbell used the stolen identity more than once, counsel responded, "I would assume an ongoing period of time. I don't know all the facts. I wasn't the original attorney." The court asked if multiple courtrooms were involved, and counsel stated there was a 2021 case in front of a different judge. The 2021 case involved the same victim and had been expunged, so counsel had little knowledge of the facts in that case.

{¶7} Counsel had a copy of the indictment, plea agreement, and judgment entry from the 2021 case because Campbell had filed a motion to dismiss the indictment in the 2022 case and had attached copies of the documents to the motion. The motion to dismiss argued that the 2022 case should be dismissed on double-jeopardy grounds because the offenses were allied, and Campbell pled guilty in the 2021 case.

{¶8} The 2021 indictment alleged that Campbell had committed identity fraud on March 11, 2021, by having the personal identifying information of M.H. with the intent to use the identification as his own. Campbell had pled guilty in the 2021 case to a reduced charge of unauthorized use of property. The sentence did not include an award of restitution, and the case had been expunged.

{¶9} The appeal before this court involves the 2022 case, where the indictment and bill of particulars alleged that Campbell used M.H.'s personal identifying information as his own from January 1, 2019, to December 31, 2019, to gain employment with five different companies, earning $33,491, causing M.H. to owe federal taxes in the amount of $8,030.94. Thus, the offenses were committed on

different dates. The 2021 case involved an offense committed on one discrete date in 2021. The 2022 case charged a continuing course of conduct throughout 2019.

**{¶10}** Counsel noted that Campbell paid $2,000 in restitution to the victim but did not know how that amount was calculated and had not reviewed the case file or read any transcripts from the case.

**{¶11}** The State expressed several objections to the application during the hearing. The State spoke with the victim who was adamant that Campbell had victimized him more than once, and the victim still owed back taxes of $6,000. The victim "strenuously object[ed] to an expungement for Campbell." Campbell had received a generous plea deal where the State reduced the original charge from a felony of the third degree to a misdemeanor. Additionally, the State challenged Campbell's rehabilitation because Campbell was indicted in Warren County for a felony theft in 2024 that was reduced to a misdemeanor theft. Campbell had pled guilty to the misdemeanor theft in May 2024.

**{¶12}** The court noted that the State's objection based on Campbell's lack of rehabilitation was a "worthy argument." When Campbell's counsel began to address rehabilitation, the trial court wished to address the victim's objection and responded, "Let's tackle that last issue." Thus, prior to determining whether Campbell demonstrated that he was sufficiently rehabilitated and weighing the interests of the parties, the court addressed the victim's objection to the expungement.

**{¶13}** The court asked if Campbell would be willing to pay the victim $6,000 for the unpaid taxes incurred by Campbell's conduct. The court was concerned because "the victim is still suffering." The court further explained that if the victim were made whole, "that would be a huge consideration of what I decide in this particular case."

{¶14} Campbell's counsel further explained that the State and Campbell "very likely" negotiated the reduced charge because Campbell provided information about the person who provided the victim's personal information to him. Counsel further noted that Campbell was 30 at the time of the offense and did not completely understand the significance of his actions because he had only been a citizen for 18 years. After witnessing his parents' murders in Jamaica, Campbell had come to America.

{¶15} Campbell had completed two online theft courses on his own initiative, worked two jobs as a corrections officer and a car wash manager, and had no additional criminal charges since the Warren County conviction in 2024. Campbell had also obtained two associate degrees.

{¶16} Campbell informed the court that he had cooperated with the State by providing the name of the seller of the victim's information, the names of other individuals using the victim's information, and numerous other identifications he had received from the seller. At that time, the prosecutor and detective determined that he owed the victim $2,000. Since then, Campbell sought help from his pastor and requested the expungement to fix his past mistakes.

{¶17} After the State reiterated its objections, the court stated,

All right. Here's the deal, counsel. Number 1, in regards to the negotiations, I was not a part of them, that your client had with the State of Ohio and any other law enforcement and they're not here today, are they?

You have not produced whether there was a deal, whether there was a situation of why the State of Ohio reduced this particular case. And remember my first question to you: Was $2,000 paid? And why

6

was the $2,000 paid, and under what circumstances? Neither of those answers you could give me today.

Second, I have a victim. It is today. It is January of 2025. And I don't deal with things that are not presented in front of me, facts and issues that are not presented in front of me.

But here is what has presented to me: Number 1, I've got a victim who said, "I wasn't fully reimbursed for what happened. I still have $6,000 that I still have to pay for the tax that your client, who pled on this particular case, and was convicted of, I still have $6,000 to pay to the IRS."

So unless those issues are, shall I say, made clear and on the record, the motion for expungement is denied.

. . .

You know what you have to do. Either produce why the State of Ohio did what they did or come up with $6,000. One or the other.

**{¶18}** Ultimately, the court did not address the State's challenge of Campbell's rehabilitation or weigh Campbell's interest in having the record expunged against the government's needs to maintain the record.

**{¶19}** Campbell now appeals, and in his sole assignment of error, he contends that the trial court abused its discretion in denying his application for expungement.

### Expungement

**{¶20}** The sealing or expungement of a criminal record is an "act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). An appellate court reviews a trial court's decision to grant or deny a request to seal records under an abuse-of-discretion standard. *State v. Futrall*, 2009-Ohio-5590, ¶ 6-7. "More than

an error in law or judgment, an abuse of discretion implies that the trial court's decision is unreasonable, arbitrary, or unconscionable." *State v. N.C.*, 2024-Ohio-4739, ¶ 7 (9th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶21}** "When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." *Id.* "For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that 'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *State v. Weaver*, 2022-Ohio-4371, ¶ 24, citing *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384-385 (1959).

**{¶22}** When determining whether to grant an application to seal or expunge a record, the court employs a two-step analysis. *See State v. T.W.C.*, 2025-Ohio-2890, ¶ 9. "First, the trial court 'determines whether the offender is an 'eligible offender,' including whether the offender has waited the requisite time before filing.'" *Id.*, citing *State v. J.L.*, 2020-Ohio-3466, ¶ 9 (10th Dist.). Next, the court "weighs a number of substantive considerations for and against the sealing." *T.W.C.* at ¶ 9, citing *J.L.* at ¶ 9.

**{¶23}** R.C. 2953.32(D)(1) sets forth the statutory considerations the trial court must consider. Relevant here, the court must do each of the following,

(c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable.

R.C. 2953.32(D)(1)(c), (d), (e), (f) and (g).

{¶24} Here, the parties correctly agreed that Campbell is an eligible offender. The State argued that Campbell was not sufficiently rehabilitated due to a felony theft charge in 2024, and that the State's legitimate reason to maintain the records was that Campbell's "conduct evince[d] a complete disregard for the rights and property of others, those who encounter him in the future have a right to know that he is prone to victimizing others for his own personal enrichment."

{¶25} The court acknowledged that the State's concern regarding Campbell's lack of rehabilitation was a "worthy argument." However, prior to addressing the rehabilitation and weighing the interests, the court addressed the victim's objection to the expungement.

{¶26} The trial court questioned Campbell regarding the victim's contention that he had not been fully compensated for the tax liability he incurred by the use of his identifying information. Although Campbell paid the victim $2,000 in restitution, the victim still owed $6,000 to the IRS. Prior to expunging the record, the court sought to understand how and why the victim was not fully compensated for his loss.

**{¶27}** To that end, Campbell's counsel represented to the court that the restitution amount was "very likely" based on plea negotiations with the State. However, counsel had not reviewed the case file or the transcript of the plea and sentencing hearing. Admittedly, counsel did not represent Campbell in the previous proceedings and was not apprised of all of the facts, including the plea negotiations.

**{¶28}** The court stated that Campbell could either reimburse the victim $6,000 or explain how and why he only paid $2,000 in restitution. Notably, the trial court cited no authority that would allow it to impose an additional restitution amount. It is well-settled that "[a] criminal sentence is final upon issuance of a final order." *State v. Carlisle*, 2011-Ohio-6553, ¶ 11; *State v. Raber*, 2012-Ohio-5636, paragraph one of the syllabus ("A trial court lacks authority to reconsider a final judgment in a criminal case."); *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997) ("trial courts lack authority to reconsider their own valid final judgments in criminal cases"). Accordingly, the trial court had no statutory authority to simply require Campbell to pay an additional amount of restitution to the victim. *See Raber* at paragraph one of the syllabus; *Carlisle* at ¶ 1 (a trial court is not empowered to modify a criminal sentence absent statutory authority).

**{¶29}** Moreover, R.C. 2953.32 does not authorize a trial court to condition an expungement on the payment of additional restitution. While it is true that an applicant who has not paid restitution is ineligible for an expungement, Campbell paid $2,000 restitution to the victim and had no outstanding restitution balance. *See T.W.C.*, 2025-Ohio-2890, at ¶ 3 ("restitution must be paid before the offender is eligible to apply to have the record of his convictions sealed"). Thus, the trial court would commit error by ordering Campbell to pay additional restitution. *See State v. J.B.*, 2025-Ohio-3143, ¶ 32 (8th Dist.) ("Since nothing in the expungement and sealing

statutes authorizes the trial court to order an applicant to submit to a drug test upon filing an application for expungement, let alone establish a broad blanket policy requiring every applicant to submit to drug testing upon filing an application for sealing or expungement, we find that the trial court erred in ordering J.B. to do just that.").

{¶30} Campbell argues that the court refused to grant the expungement until he paid the victim $6,000. However, Campbell's argument does not accurately reflect the trial court's instruction. The court did not require Campbell to pay the additional restitution in order to obtain an expungement. Rather, the court provided an alternative means to satisfy the court's consideration of the victim's objection. The court sought additional information regarding Campbell's plea agreement with the State and the computation of the restitution amount that did not fully compensate the victim for his losses. Campbell was unable to provide this information and allay the court's concern regarding the victim's objection to the expungement.

{¶31} Campbell's counsel was uninvolved in the plea negotiations and had not reviewed Campbell's file or obtained the transcript of the plea and sentencing hearing. Although the plea agreement did not mention restitution, the sentencing entry noted that Campbell had paid $2,000 in restitution to the victim.

{¶32} In determining whether to grant the application to expunge, a trial court is required to "consider the reasons against granting the application specified by the victim in the objection" and "the oral or written statement of any victim." R.C. 2953.32(D)(1)(e) and (g). The victim objected to the expungement because he still owed $6,000 to the IRS, allegedly due to Campbell's criminal offense. To that end, the court was attempting to address the victim's objection and determine how and why the restitution amount that Campbell paid to the victim was insufficient to make him

whole. Thus, the trial court did not abuse its discretion in considering the victim's objection. *See* R.C. 2953.32(D)(1)(e).

**{¶33}** Consequently, Campbell's argument fails to demonstrate that the trial court abused its discretion in denying the expungement. Moreover, the trial court informed Campbell that upon receipt of additional information regarding the plea agreement and restitution amount, it would consider granting the expungement. Accordingly, we overrule the assignment of error.

## Conclusion

**{¶34}** Having overruled Campbell's sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**NESTOR** and **MOORE, JJ.,** concur.