[Cite as *State v. T.W.C.*, 2026-Ohio-526.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 23AP-196 |
| v. | : | (C.P.C. Nos. 85CR-2594, 01CR-1455, 03CR-6552, and 04CR-1841) |
| [T.W.C.], | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 17, 2026

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Darren M. Burgess*, for appellant.

**On brief:** [*Mitchell A. Williams*], Public Defender, and *Timothy E. Pierce*, for appellee.

APPEAL from the Franklin County Court of Common Pleas
ON REMAND from the Supreme Court of Ohio

JAMISON, J.

{¶ 1} This court previously decided this appeal by affirming a judgment of the Franklin County Court of Common Pleas that granted the application of defendant-appellee, T.W.C., to seal the records of his convictions. *State v. T.W.C.*, 2024-Ohio-49, ¶ 1 (10th Dist.) ("*T.W.C. I*"). The Supreme Court of Ohio, however, reversed that judgment and remanded this case to our court so we could consider T.W.C.'s constitutional arguments. *State v. T.W.C.*, 2025-Ohio-2890, ¶ 19 ("*T.W.C. II*"). We do so now.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In June 2004, T.W.C. pleaded guilty to two counts of forgery, both fifth-degree felonies in violation of R.C. 2913.31. The trial court convicted T.W.C., sentenced him to concurrent nine-month prison terms, and ordered him to pay restitution.

{¶ 3}   In December 2022, T.W.C. applied to seal the records of four prior convictions, including the 2004 conviction.  The state objected, arguing that T.W.C. was statutorily ineligible to have the records of his 2004 conviction sealed because he had not paid his court-ordered restitution.

{¶ 4}   At the hearing on his application, T.W.C. testified that he was 60 years old, received Social Security Disability Insurance payments and SNAP benefits, and had no assets or savings.  T.W.C. also stated he was unable to pay the amount he owed in restitution.

{¶ 5}   In a judgment entered March 14, 2023, the trial court granted T.W.C.'s application, finding that sealing T.W.C.'s convictions was consistent with the public interest and T.W.C. had been rehabilitated to the trial court's satisfaction.  The state appealed the trial court's March 14, 2023 judgment.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   On appeal, the state assigned the following errors:

> [1.] The trial court erred when it sealed the Appellee's records of convictions because the Appellee currently owes restitution, has not obtained a final discharge, and has not met the statutory waiting period at the conclusion of his criminal proceedings.

> [2.] The trial court erred when it attempted in this sealing case to *sua sponte* modify the Appellee's final judgment of conviction and restitution order in 03CR-6552.

## III.  LEGAL ANALYSIS

{¶ 7}   Pursuant to former R.C. 2953.32(A)(1)(b), an eligible offender could apply for sealing "[a]t the expiration of one year after the offender's final discharge if convicted of a felony of the fourth or fifth degree or a misdemeanor, so long as none of the offenses [was] a violation of section 2921.43 of the Revised Code."  2019 Am.Sub.H.B. No. 1; 2019 Am.Sub.S.B. No. 10; 2019 Sub.H.B. No. 431.  Final discharge occurred when an offender satisfied all sentencing requirements, including paying court-ordered restitution.  *T.W.C. II*, 2025-Ohio-2890, at ¶ 13.  The Supreme Court concluded that, "T.W.C. did not pay the court-ordered restitution—a sanction that the trial court imposed as part of his criminal sentence—so he [was] not eligible to apply to have the record of his convictions for forgery sealed."  *Id.* at ¶ 19.

{¶ 8}  T.W.C., however, argued in the brief he submitted to this court that the trial court did not err in relieving him from the final-discharge requirement because, as applied to indigent offenders like him, who cannot pay their court-ordered restitution, that requirement was unconstitutional.  We did not address this argument in the first appeal because our resolution of the appeal rendered the argument moot.  Given the Supreme Court's holding that T.W.C. was not statutorily eligible to apply for sealing, we now consider T.W.C.'s constitutional argument.

{¶ 9}  T.W.C. asserts that hinging eligibility for sealing on payment of restitution violates the Equal Protection and Due Process Clauses to the United States Constitution, and the Equal Protection and Due Course of Law Clauses to the Ohio Constitution.  According to T.W.C., statutorily requiring the payment of restitution discriminates between wealthy offenders, who can pay restitution and obtain the sealing of their records, and indigent offenders, who lack the ability to pay restitution and, thus, cannot obtain the sealing of their records.

{¶ 10} Statutes are entitled to a strong presumption of constitutionality.  *State v. Hacker*, 2023-Ohio-2535, ¶ 11.  An as-applied challenge to the constitutionality of a statute, such as T.W.C.'s challenge to former R.C. 2953.32(A)(1)(b), asserts that application of the statute in a particular factual context is unconstitutional.  *State v. Lowe*, 2007-Ohio-606, ¶ 17.  A party raising an as-applied constitutional challenge must present clear and convincing evidence of the statute's constitutional defect.  *VVF Intervest, L.L.C. v. Harris*, 2025-Ohio-5680, ¶ 41.

{¶ 11} The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  Ohio's Equal Protection Clause in Article I, Section 2 of the Ohio Constitution states, "All political power is inherent in the people.  Government is instituted for their equal protection and benefit[.]"  These two clauses are functionally equivalent.  *State v. Aalim*, 2017-Ohio-2956, ¶ 29.

{¶ 12} The Equal Protection Clauses require government to treat individuals in a manner similar to others in like circumstances.  *In re Adoption of Y.E.F.*, 2020-Ohio-6785, ¶ 15.  A statutory classification that neither implicates a fundamental right nor proceeds along suspect lines is subject to rational-basis review.  *Ferguson v. State*, 2017-Ohio-7844,

¶ 31. Under this type of review, a court will uphold a statutory classification if it bears a rational relationship to a legitimate governmental interest. *State v. Grevious*, 2022-Ohio-4361, ¶ 19. "The party challenging the constitutionality of the statute bears 'the burden to negate "any reasonably conceivable state of facts that could provide a rational basis for the classification." ' " *Id.*, quoting *State v. Noling*, 2016-Ohio-8252, ¶ 13, quoting *Fed. Communications Comm. v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993).

{¶ 13} The Due Process Clause of the Fourteenth Amendment to the United States Constitution states that no state shall "deprive any person of life, liberty, or property, without due process of law." The Due Course of Law Clause in Article I, Section 16 of the Ohio Constitution provides that "every person, for an injury done to him in his land, goods, person, or reputation, shall have remedy by due course of law." The Due Course of Law Clause is the equivalent of the Due Process Clause. *Aalim* at ¶ 15. Under both clauses, a court will uphold a statute that does not infringe on fundamental rights if it is rationally related to a legitimate state interest. *Ferguson* at ¶ 43.

{¶ 14} In the case at bar, T.W.C. does not claim the involvement of any fundamental right, nor can he. As the Supreme Court of Ohio has repeatedly stated, the sealing of a criminal record is a "privilege, not a right." (Further quotation marks deleted and citations omitted.) *State v. Aguirre*, 2014-Ohio-4603, ¶ 16. Moreover, discrimination against the indigent, without more, does not implicate a suspect classification and, thus, does not trigger strict scrutiny. *See, e.g., Maher v. Roe*, 432 U.S. 464, 471 (1977) (holding that financial need, alone, does not identify a suspect class for equal protection purposes).

{¶ 15} Resolution of this case should turn, therefore, on the outcome of a rational-basis review. The United States Supreme Court, however, has developed an alternative analysis for certain claims of wealth discrimination. T.W.C. relies on that precedent, specifically the principles articulated in *Griffin v. Illinois*, 351 U.S. 12 (1956), *Williams v. Illinois*, 399 U.S. 235 (1970), and their progeny, to argue that denying sealing to an indigent offender who cannot pay restitution violates the offender's equal protection and due process rights.

{¶ 16} Although *Griffin* produced no majority opinion, it is now understood to establish "the proposition that a State cannot arbitrarily cut off appeal rights for indigents while leaving open avenues of appeal for more affluent persons." *Ross v. Moffit*, 417 U.S.

600, 607 (1974).  In *Griffin*, the Supreme Court struck down an Illinois rule that allowed a criminal defendant to appeal his conviction only if he procured a transcript of the trial proceedings.  The rule did not exempt indigent defendants, other than those sentenced to death, so most defendants without means to pay for a transcript had no ability to appeal. The Supreme Court held that "at all stages of the proceedings" adjudicating a defendant's guilt or innocence, "the Due Process and Equal Protection Clauses protect [defendants] from invidious discriminations." *Griffin* at 18.  According to *Griffin* and its progeny, "access to judicial processes in cases criminal or 'quasi criminal' in nature" cannot "turn on ability to pay." *M.L.B. v. S.L.J.*, 519 U.S. 102, 124 (1996), quoting *Mayer v. Chicago*, 404 U.S. 189, 196 (1971).[1]

{¶ 17} In a line of cases related to but distinct from *Griffin*, the United States Supreme Court considered claims of wealth discrimination in the context of imprisonment. In *Williams*, the Supreme Court held that "the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status." *Id.* at 244. Illinois violated this rule, the court concluded, by extending Williams's imprisonment beyond the maximum term based on his failure to pay the fine and court costs imposed in his original sentence. *Id.* at 240-241.  In *Tate v. Short*, 401 U.S. 395, 397-398 (1971), the Supreme Court struck down a Texas law that punished an offense with fines only, and required those unable to pay the fines to serve a prison term.  The court held that "the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full."  (Further quotation marks deleted and citations omitted.) *Id.* at 398. Subsequently, in *Bearden v. Georgia*, 461 U.S. 660, 662 (1983), the Supreme Court held that a court could not "automatically revok[e] probation because [the defendant] could not pay his fine, without determining that [he] had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist."

---

[1] The United States Supreme Court also recognizes "a narrow category of civil cases" in which a state must provide access to judicial processes without regard to a party's ability to pay a fee in the domestic arena. *M.L.B.* at 113. For example, in *M.L.B.*, the court held that Mississippi could not condition a mother's right to appeal the termination of her parental rights on the prepayment of record preparation fees. *Id.* at 107.

{¶ 18} In the *Griffin* and *Williams* lines of cases, " 'due process and equal protection principles converge.' " *M.L.B.* at 120, quoting *Bearden* at 665. When an indigent litigant challenges a statutorily required payment as a barrier to equal justice, a court must "inspect the character and intensity of the individual interest at stake, on the one hand, and the State's justification for its exaction, on the other." *Id.* at 120-121.

{¶ 19} Thus, consistent with the *Griffin* and *Williams* lines of cases, courts must apply this type of review when, because of a person's inability to pay, a state denies access to a judicial process in a criminal or quasi-criminal case or imprisons a person. *Mendoza v. Strickler*, 51 F.4th 346, 355-356, 357-358 (9th Cir. 2022); *Jones v. Governor of Florida*, 975 F.3d 1016, 1032-1033 (11th Cir. 2020); *Fowler v. Benson*, 924 F.3d 247, 260-261 (6th Cir. 2019). Of these two scenarios, the former scenario comes closer to applying to this case than the latter. However, the sealing of a record of conviction is a postconviction remedy, completely apart from the criminal action, that is civil in nature. *State v. LaSalle*, 2002-Ohio-4009, ¶ 19. Therefore, because neither of the scenarios is at issue in this case, neither the *Griffin* nor *Williams* lines of cases apply to this case.

{¶ 20} We, consequently, must uphold the requirement that an offender pay restitution to acquire eligibility for sealing if it bears a rational relationship to a legitimate governmental interest. Restitution serves both compensatory and punitive purposes. *Aguirre*, 2014-Ohio-4603, at ¶ 23. Payment of restitution "is an obligation rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose." (Further quotation marks deleted and citations omitted.) *Id.* Therefore, requiring an offender to pay restitution prior to obtaining eligibility for sealing his or her criminal record serves as an incentive to the offender to compensate the victim of the offender's crime. The requirement also ensures that the offender completes his or her sentence and, thus, is fully rehabilitated before a court considers whether to bestow the privilege of sealing the offender's criminal record. We conclude, consequently, that requiring the payment of restitution before sealing is rationally related to legitimate governmental purposes. Accordingly, former R.C. 2953.32(A)(1)(b), as applied to indigent offenders like T.W.C., does not violate the Equal Protection and Due Process Clauses of the United States

Constitution or the Equal Protection and Due Course of Law Clauses of the Ohio Constitution.

{¶ 21} Given the Supreme Court of Ohio's holding in *T.W.C. II* and our rejection of T.W.C.'s constitutional argument, we sustain the state's first assignment of error. For the reasons we stated in *T.W.C. I*, we overrule the state's second assignment of error. *See id.*, 2024-Ohio-49, at ¶ 20 (10th Dist.).

{¶ 22} Although we sustain the state's first assignment of error, our ruling affects only the sealing of case No. 03CR-6552. As we stated above, T.W.C. applied to seal his convictions in four cases: case Nos. 85CR-2594, 01CR-1455, 03CR-6552, and 04CR-1841. The Supreme Court of Ohio has found T.W.C. ineligible to apply to have his record of conviction sealed in case No. 03CR-6552 due to the unpaid restitution in that case. *T.W.C. II*, 2025-Ohio-2890, at ¶ 19. However, the state has not argued, and neither this court nor the Supreme Court of Ohio has concluded, that T.W.C. was statutorily ineligible to apply for sealing in the three other cases. Our resolution of this appeal, therefore, does not disturb the trial court's judgment with regard to case Nos. 85CR-2594, 01CR-1455, and 04CR-1841.

## V. CONCLUSION

{¶ 23} For the foregoing reasons, we sustain the state's first assignment of error and overrule the state's second assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas with regard to case Nos. 85CR-2594, 01CR-1455, and 04CR-1841, and we reverse it with regard to case No. 03CR-6552.

*Judgment affirmed in part and reversed in part.*

BOGGS, P.J., and EDELSTEIN, J., concur.

————————————